## BERNSTEIN v. NEW YORK CITY RY. CO.

### (Supreme Court, Appellate Term. February 23, 1905.)

STREET RAILROADS—INJURIES TO DRIVERS—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, injured in a collision with a street car as he was crossing a track, testified that he plainly saw the car approaching at a high rate of speed when his horse was at the curb stone, and he attempted to cross in front of the car without accelerating the horse's speed, or paying any further attention to the car, he was guilty of contributory negligence, precluding a recovery.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 214.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Samuel Bernstein against the New York City Railway Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
Charles S. Rosenthal, for respondent.

SCOTT, J. The plaintiff wholly failed to bear the burden of showing that he was free from contributory negligence. He was driving a covered delivery wagon south on Suffolk street toward Delancey street upon which there are two railroad tracks, the eastbound and west-bound. Plaintiff testified that when his horse's head was at the north curbstone of Delancey street he saw the defendant's car approaching rapidly on the east-bound or southerly track (the furthest from the plaintiff); that the car was about half a block away, and running very fast; that he drove on without accelerating his horse's speed, and when his horse had passed the last track, on which the car was approaching, it struck his wagon and threw him out, inflicting slight injuries. From the time he first saw the car, when his horse's head was at the north curb of Delancey street, he paid no further attention to the car, and did not look at or for it until the collision occurred. The facts correspond almost precisely with those considered by the Appellate Division in Lynch v. Third Ave. R. R. Co., 88 App. Div. 604, 85 N. Y. Supp. 180, except that in that case the accident happened in the daytime and in this case at night. This makes no real difference, however, for the plaintiff testifies that he plainly saw the car and was able to tell that it was traveling fast. As was said in that case:

"Plaintiff, of course, was as much obligated to look out for his own safety as the defendant was to prevent his being injured. Both of the parties had an equal right to the use of the street at this place, and while it was the duty of the defendant to move its car with care, to the end that the plaintiff might not be injured, plaintiff was also required to exercise an equal amount of care to prevent being injured."

This, of course, is a familiar rule, and has been applied in numerous cases similar to the present.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.