## SEIDMAN v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department.   April 21, 1905.)

**RAILROADS—CROSSING INJURIES—CONTRIBUTORY NEGLIGENCE—EVIDENCE.**

In an action for injuries sustained at a crossing, where there is evidence that the conditions were such that plaintiff could have seen an approaching train, and he himself testified that he actually looked for the train, the noise of which he concededly heard, it was incumbent on him to testify expressly as to whether or not he saw the train, and his freedom from contributory negligence as dependent upon that fact could not be established by circumstantial evidence.

Appeal from Trial Term, Kings County.

Action by Louis Seidman against the Long Island Railroad Company.   From a judgment for plaintiff and from an order denying a new trial, defendant appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

Wm. C. Beecher, for appellant.

Stephen C. Baldwin, for respondent.

HIRSCHBERG, P. J.   The plaintiff was struck by a train on the morning of December 23, 1901, while crossing the defendant's tracks in East New York, so called, at a crossing which was in general public use.   If the evidence tending to establish his freedom from contributory negligence was entirely satisfactory, there would probably be no difficulty in affirming the judgment which he has recovered.   But the evidence on that subject is not the best which could have been furnished, and I think it must therefore be regarded as unsatisfactory, under the peculiar circumstances of the case, if not actually insufficient in law.   The plaintiff testified that the morning was foggy, and that he could not see further than ten paces; that he stopped when within two feet of the railroad tracks, and looked in the direction from which the train was coming; that he heard the noise of the approaching train, but mistook it for a train upon an elevated road three blocks distant; and that he then stepped beyond the first rail, but was overtaken and struck before he could retreat.   He did not testify, however, that he did not in fact see the train before he stepped across the rail.   If that fact is to be deemed established, it must be regarded as established by circumstance and inference alone, and I do not understand that, where direct and positive testimony upon the subject is possible, a mere inference will amount to adequate and preponderating proof of the absence of contributory negligence.

The plaintiff's omission to testify that he did not see the train is somewhat significant in view of his clear and precise statement that he did not hear the sound of bell or whistle, although he looked as well as listened.   He said:

"When I got within about two steps usually taken by a man from the first track, I stopped and looked both ways, to the right and to the left, to see whether a train was coming.   I also listened to hear any whistle or bells. I did not hear either, and I then started to walk forward.   Q. Did you hear

anything that indicated that a train was coming? A. Yes, I heard a noise, a rumbling noise; but it did not impress me very much, because three blocks away, towards Eastern Parkway, there is an elevated railroad, and it impressed me that that noise was the noise made by the elevated railroad there. I then moved forward, intending to cross the tracks, but as I stepped one step beyond the first rail of the first track I then realized that that rumbling noise was the noise of an approaching train, and immediately started to turn back or to step back, but the train came on before I had a chance to step back, and the locomotive struck me, and I was thrown away, and I don't know right after that what happened."

It is only where the accident results in death, and there are no eyewitnesses of the occurrence, that it has been held in this state that freedom from contributory negligence may be established by circumstantial evidence. I know of no authority for the proposition that a plaintiff other than the representative of a deceased person can successfully support the burden of proof upon this subject without some direct evidence that he did not in fact see the threatened and apprehended danger. Where sight is impossible for any reason, and the person subsequently injured has failed to look because of that circumstance, or where the danger is so remote that, if seen, it might nevertheless be disregarded in the exercise of proper care, the rule, of course, is otherwise; but in this case it was undisputed that the track was straight and unobstructed for many hundred feet, and there was an abundance of proof to the effect that the day was clear, and the vision wholly unobscured; and, the plaintiff having actually looked for the train, the noise of which he concededly heard, I think it was incumbent upon him to testify expressly as to whether or not he saw it, rather than to leave that essential fact to be determined by deduction or conjecture. The judgment and order should be reversed.

New trial granted; costs to abide the event. All concur; HOOKER, J., not voting.