ANGELO DARIENZA, as Administrator of the Estate of ANTONIO GUICESSI, Deceased, Appellant, *v.* NEW YORK CITY RAILWAY COMPANY, Respondent.

*Darienza* v. *New York City Ry. Co.*, 112 App. Div. 913, affirmed.
(Argued January 25, 1907; decided February 19, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 14, 1906, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial in an action to recover for the death of plaintiff's intestate alleged to have been caused by defendant's negligence.

*Thomas J. O'Neill* for appellant.

*Charles F. Brown, Bayard H. Ames, Anthony J. Ernest* and *James L. Quackenbush* for respondent.

Judgment affirmed, with costs, no opinion.

Concur: CULLEN, Ch. J., HAIGHT, WILLARD BARTLETT and CHASE, JJ. Taking no part: GRAY, J.

HISCOCK, J. (dissenting). I dissent from the decision about to be made.

As plaintiff's intestate was crossing on foot one of defendant's tracks in Canal street in the city of New York he was struck by one of its cars and killed. When this action,

brought to recover damages for his death, came on for trial the same was dismissed at the close of the plaintiff's case upon the ground that the intestate as a matter of law was guilty of contributory negligence and this disposition has been affirmed by the learned Appellate Division by a divided vote.

I think that the judgment was erroneous; that the trial justice encroached upon the province of the jury and disposed of or disregarded questions of fact which should have been submitted to them. The fact that upon this appeal the brief maker has deemed it necessary to cite a multitude of authorities upon reasonably familiar questions and has devoted pages of technical computation and calculation to the attempted demonstration of contributory negligence as matter of law, does not entirely tend to persuade one that the conduct of the intestate was so conclusively and transparently beyond the realm of doubt and discussion that reasonable men might not draw differing inferences in respect thereto.

At the point of accident Canal street runs east and west. Church street bisects it upon the south, but does not strictly intersect it, Green street being practically a continuation of Church street upon the north although about fifty feet east thereof. Defendant maintains two tracks in Canal street of which the northerly one is used by west-bound cars, and it was upon this track by such a car that intestate was killed. The accident happened in the evening. There was beyond any doubt evidence which would have entitled a jury to say that intestate and two companions were at the corner of Church and Canal streets upon the southerly side of the latter, and that they started to cross to the northerly side of Canal street, intestate walking upon the crosswalk and being somewhat in advance of his companions; that the latter stopped upon the first or east-bound track while intestate went upon the west-bound track and was killed.

, Three eye-witnesses spoke directly as to the conduct of the dead man in crossing the street and of the movement of the car which struck him, one of these being the motorman and the other two foreigners, one of whom at least gave his evidence through an interpreter. The evidence of the latter

two witnesses is the more favorable to plaintiff, and while it is not at all times clear, but on the other hand is more or less confused and indefinite, I believe that upon an interpretation most beneficial to plaintiff it is susceptible of the following construction:

According to the evidence of Pizzarello, when intestate started from the southerly side of Canal street the car was fifty "feet" away, and when he got between the two tracks and was about to step on the northerly one the car was about twenty "feet" away; that by a "foot" was meant a "step" or a pace thirty-six inches long. And, according to the evidence of the witness Di Gaeta, when intestate started from the sidewalk to make the crossing the car was 55 or 60 paces away, and he "looked up and down;" after he had crossed the first track and was going upon the second one the car was about sixteen or twenty paces away, and two or three "paces" were twelve or thirteen feet.

There is also plain evidence to the effect that no bell was rung; that the car was going from six to eight miles an hour; that it could be seen; that no effort was made to stop it until within a very few feet of the intestate, and that the latter's body after the accident was found upon the northerly side of the track, indicating that he had nearly completed his crossing.

Therefore, if this interpretation of the evidence is permissible, a jury would have been entitled to find that when the intestate started to cross the street the car was distant upwards of 150 feet and going at a speed not to exceed eight miles an hour, and that as he started to go upon the track in question the car was still distant more than sixty feet. Intestate, for the sake of the argument at least, may be charged with knowledge of the location of the car and of the speed at which it was going, because he undoubtedly did see it or could have seen it.

Under these circumstances I do not think that it can be said as a matter of law that the intestate was guilty of negligence in attempting to make the crossing, and that defendant was free from negligence in the collision which occurred. The physical situation presented what was practically a street

intersection, for Church and Green streets together constituted what was substantially the crossing of Canal street by one street, and the crosswalk laid upon the continuation of Church street across Canal street emphasizes this fact.

It seems unnecessary to review at length the very familiar principles of law applicable to such a situation as this. The defendant and the intestate had equal rights and were subject to mutual obligations of care. The latter was not bound to postpone his attempted crossing until no car was in sight, but was entitled to proceed upon his way, provided he had a reasonable time and opportunity in which to effect his safe passage, and the former was bound so to control its cars as to avoid collisions. A question was fairly presented for the consideration of the jury whether the parties observed the obligations cast upon them respectively.

Of course there is evidence which modifies, and even contradicts, that adverted to, but it is unnecessary to spend time in stating that these variations and contradictions were for the consideration of the jury.

The case upon the evidence as it stood should have been submitted to the jury within the principles adopted in the following cases : *McDermott* v. *Brooklyn Heights R. R. Co.* (85 N. Y. Supp. 808); *Legare* v. *Union Ry. Co.* (61 App. Div. 202); *Lawson* v. *Metr. St. Ry. Co.* (40 App. Div. 307).

The judgment should be reversed and a new trial granted.

EDWARD J. BARTLETT, J., concurs.