ANGELINE BAXTER, as Administratrix of the Estate of CHARLES
E. BAXTER, Deceased, Respondent, *v.* AUBURN AND SYRACUSE
ELECTRIC RAILROAD COMPANY, Appellant.

CONTRIBUTORY NEGLIGENCE. Where upon the trial of an action to
recover damages for personal injuries to plaintiff's intestate, who was
struck by a car and killed while attempting to cross the track of a street
surface railway, it appears that from the sidewalk where he started to
cross he looked up the track, which was visible for 600 feet and no car
was in sight; that after he looked there was an interval of time and he
had to proceed at least 35 feet to the point of crossing; that the car
was moving at an excessive rate of speed, that there was no evidence that
he looked again or listened, so that if he had, he would have seen the
car approaching and might have awaited its passage; assuming that
the motorman was negligent in operating the car, he was negligent as
matter of law and an instruction that the jury might say that decedent
had done all a prudent man could be expected to do, was reversible error.
      *Baxter* v. *Auburn & Syracuse El. R. R. Co.*, 118 App. Div. 919, reversed.

(Argued December 17, 1907; decided January 7, 1908.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
March 22, 1907, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*William Nottingham* for appellant.    The defendant's
motion for a nonsuit made when plaintiff rested, and renewed
at the close of the case, was well founded and should have
been granted.    Not only did the plaintiff's proof fail to show
the absence of contributory negligence on the part of her
intestate, but also upon the entire evidence it clearly appeared
that his negligence either contributed to or was the sole cause
of the accident.    (*Conway* v. *A. C. Ry. Co.*, 84 App. Div.
633; 180 N. Y. 549; *Meyer* v. *B. H. R. R. Co.*, 9 App.
Div. 79; *Reynolds* v. *L. H. Ry. Co.*, 83 App. Div. 189;
*Van Patten* v. *S. St. Ry. Co.*, 80 Hun, 494; *Dolfini* v. *E.*

*R. R. Co.*, 178 N. Y. 1; *Rider* v. *S. R. T. Ry. Co.*, 171 N. Y. 139; *Jackson* v. *U. Ry. Co.*, 77 App. Div. 161; *Adolph* v. *C. P., N. & E. R. R. Co.*, 76 N. Y. 530; *McClain* v. *B. C. R. R. Co.*, 116 N. Y. 459; *Goodman* v. *M. St. Ry. Co.*, 63 App. Div. 84.)

*Richard C. S. Drummond* for respondent. The evidence tending to establish the fact that the deceased exercised due care and was free from contributory negligence was abundant, and both required the submission by the court of that question to the jury and warranted and supported the jury's finding. (*Monck* v. *B. H. R. R. Co.*, 97 App. Div. 447; *Lawson* v. *M. St. Ry. Co.*, 40 App. Div. 307; 166 N. Y. 589; *Flekenstein* v. *R. R. Co.*, 105 N. Y. 655; *Smith* v. *M. Ry. Co.*, 7 App. Div. 253; *Kitay* v. *R. R. Co.*, 23 App. Div. 228; *Fishbach* v. *S. Ry. Co.*, 11 App. Div. 152; *Moore* v. *M. Ry. Co.*, 84 App. Div. 613; *Schron* v. *S. I. El. R. R. Co.*, 16 App. Div. 111; *Jetter* v. *N. Y. C. & H. R. R. R. Co.*, 2 Abb. Ct. App. Dec. 458; *Willy* v. *Mulledy*, 78 N. Y. 310.) The deceased was not guilty of contributory negligence as a matter of law, and the trial court was right in so ruling on the evidence. (*Stackus* v. *N. Y. C. R. R. Co.*, 79 N. Y. 464; *Smith* v. *Coe*, 55 N. Y. 678; *Harris* v. *Perry*, 89 N. Y. 308; *Snowden* v. *Town of Somerset*, 171 N. Y. 106; *Chisholm* v. *State*, 141 N. Y. 246; *Dobert* v. *T. C. Ry. Co.*, 91 Hun, 28; *Harris* v. *Perry*, 89 N. Y. 311; *McDonald* v. *M. St. Ry. Co.*, 167 N. Y. 66; *Charters* v. *Palmer*, 113 App. Div. 108; *Shafer* v. *Mayor, etc.*, 154 N. Y. 466; *Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 280.)

Gray, J. The plaintiff has recovered a judgment against the defendant for the damages sustained by her in the loss of her husband; whose death, as she alleged, was caused through the negligent management of one of the defendant's cars. The judgment was affirmed by a divided vote of the justices of the Appellate Division and, upon this appeal, it is, principally, urged upon us by the defendant that the deceased

appears from the evidence to have contributed to the accident by his own negligent conduct. It is necessary in these cases, when a defendant is sought to be charged with the consequences of the neglect of a duty to exercise care, that the person injured, as the result of that neglect, shall not appear to have contributed to the injury by his own negligence. It must, affirmatively, appear that his conduct did not so concur with the defendant's negligence, and enter into the incident, as to have become a proximate cause of the injury. He must have exercised that degree of care which was commensurate with the situation. That may be shown, directly, through the testimony of eye-witnesses; or it may appear from circumstances, which permit the jurors, fairly, to infer the fact. When, by reason of the death of the injured person, his mouth is closed, the burden, nevertheless, remains upon the complainant, upon whom the cause of action has devolved, to show, affirmatively, by direct evidence, or from surrounding circumstances, that the deceased was without fault. When the evidence as to how he conducted himself is confined to inferences from circumstances, the courts, where the defendant's conduct has been flagrantly violative, in one way or another, of the duty owing, have been inclined to relax the application of the rule as to the quantum of proof and greater latitude is allowed in permitting the inference of an exercise of ordinary care. If, in such case, the surrounding facts and circumstances, reasonably, indicate that the accident might have occurred without negligence in the deceased, that inference becomes possible, in addition to that which involves careless conduct, or a willful disregard of personal safety, and, thus, as a question of fact, it would be for the jury to decide between the two possible inferences. But when the facts are undisputed and, taken with the occurrence of the accident, they permit, only, the one inference to be drawn from them, that there was no occasion for the accident, consistent with the exercise of proper prudence and care on the part of the injured person, the plaintiff has failed to make a case. The question is, then, one of law for the court to

determine.  (See *Tolman* v. *Syracuse, B. & N. Y. R. R. Co.*, 98 N. Y. 198.)

In this case, there was direct testimony, upon which the plaintiff relied to show how the accident occurred; but it failed to establish, or to suggest, that the deceased exercised that care, or prudence in conduct, which was necessary upon the occasion.  Indeed, the testimony of the eye-witness and the circumstances disclosed by the evidence preclude a reasonable inference that he was mindful of the situation.  He was employed as a teamster by the municipality and was engaged in dragging flagstones from a stone yard and in loading them upon a wagon, which stood in the street by the curbstone. For the purpose, the horses had been detached from the wagon.  While so engaged, it commenced to rain and he and his fellow-workman, McCabe, took shelter under a tree upon a strip of turf between the curb and the sidewalk.  They stood there for a time with the horses; when the rain so increased in violence that the deceased proposed to go to a barn, upon the other side of the street.  A single track of the defendant was laid in the center of the street, at a distance from either curb of fourteen feet.  Upon it, the defendant operated its cars by electrical power.  The men were upon the south side of the street and, as they stood under the tree, they were facing eastward and in the direction from which a car would come.  From that point, the track was plainly visible for 600 feet.  McCabe testified as to their position and that they were both looking "up the street," or to the east, and that no car was in sight.  When the deceased proposed to seek the shelter of the barn, he turned to get his horses, drove them around the wagon and proceeded to cross the street, diagonally, in a westerly direction.  This placed him with his back, partly, to an approaching car.  Before he had passed over the track, a car came along and struck him; inflicting injuries which, subsequently, resulted in his death. McCabe had turned away to do something and he did not observe the movements of the deceased from the time of leaving the tree, until the car struck him.  I think that the

evidence permitted the jury to infer that the car was moving at an excessive rate of speed and we may assume that the motorman was negligent in operating his car. The deceased, however, does not appear to have looked again in the direction from which a car might be expected, after he started with his horses to cross the track. McCabe could not say that he did look; no other witness for the plaintiff could so testify and no fact permitted a reasonable inference that he did. There was an interval of time and he had to proceed, at least, thirty-five feet from the tree. to the point of crossing and, short as was the distance to cover, he had no right to act in exclusive reliance upon the fact that no car had been in sight, when he stood under the tree. A street surface railway track may not be as much a place of danger, as is a steam railway track; but, nevertheless, its presence in the street admonishes a person to be reasonably vigilant when attempting to cross. It behooved the deceased, before going upon it, to use his senses and to look and to listen. He was to decide if it was reasonably prudent at the moment to cross it. The omission to look would only be excusable in a situation, where that precaution was shown by the circumstances to have been an unavailing one. However excessive the speed of the car, it is plain that, had the deceased looked again, after leaving the sidewalk, he would have seen it and might have awaited its passage. It was culpable negligence, as matter of law, in my opinion, for him to drive across the car track, between street crossings as he was, without looking to see if a car was approaching, at a point where it could have been seen for several hundred feet. That was the evidence and I think it showed an inexcusable neglect on the part of the deceased, which contributed directly to his injury, as a proximate cause thereof.

So, it was error for the trial court to instruct the jurors that if the deceased "saw 600 feet of clear track up Lincoln street hill and immediately turned and picked up his reins, and started to drive directly across the street, and went across in an expeditious way, and this car came down upon him

without warning, at a terrific rate of speed, and cut him down, the jury might say that he had done all that a prudent man could be expected to do." This instruction was excepted to and, for the reasons already given, it was distinctly erroneous. As the proposition was put, he had not done all that the situation required of him; for the exercise of the most ordinary degree of prudence and of care demanded that he should again look before he crossed the track.

I advise the reversal of the judgment and that a new trial be ordered; with costs to abide the event.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment reversed, etc.