TULLY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department.   July 8, 1908.)

1. STREET RAILROADS—PEDESTRIAN'S DUTY.

A pedestrian in crossing a street railway track was as much bound to look out for her own safety as the motorman of an approaching car was bound to look out for her, and, having seen the car, she should not have stepped upon the track without first ascertaining whether it was safe to do so.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 204–209.]

2. SAME—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a street railway company for injury to a pedestrian struck by a car at a street crossing, a finding that the company was or that plaintiff was not negligent, was not warranted, where the evidence did not tend to show how far away the car was when she stepped on the track, or how far she was from the track when she looked and saw a car, or how long after she looked the accident occurred; that she was struck by a car while stepping from the track not showing the company's negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 243–250.]

3. SAME.

A pedestrian before leaving a sidewalk curb to cross a street car track was bound to look out for approaching cars.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 204–209.]

Laughlin, J., dissenting.

Appeal from Trial Term.

Personal injury action by Ellen Tully against the New York City Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Bayard H. Ames, for appellant.
John H. Regan, for respondent.

McLAUGHLIN, J.   Action to recover damages for personal injuries alleged to have been caused by defendant's negligence.   About 8 o'clock on the evening of the 2d of April, 1906, the plaintiff, then about 68 years of age, while crossing the Bowery on the downtown crossing of Bleecker street from west to east, was struck by one of the defendant's cars and injured.   She testified that, before attempting to cross the street, she looked up and down and saw a car about two blocks away, and then proceeded to cross; that as she was near the last rail of the fourth track she was struck; that she did not hear a bell sounded and the car which struck her came very fast; that she did not know what car it was that hit her, because, to use her own language, "I wasn't looking at the car.   I don't know which car it was hit me."   This is the only evidence offered tending to show defendant's negligence, except that the witness Kepke, who was about 100 feet from where the accident occurred, testified that he saw the plaintiff crossing the street, but did not see her struck by the car; that when he saw her "she was walking very slowly, very feebly," and he did not hear any gong sounded, and the witness Scherer, who testified that he saw the plaintiff after the accident and "assisted her to the hallway," that he could not say he heard a gong sounded, but there were "gongs sounding all day long along the Bowery."   At the conclusion of plaintiff's case, the defendant moved to dismiss the complaint, upon the ground that plaintiff had failed to establish a cause of action against the defendant and had failed to show her own freedom from negligence.   The motion was denied, and an exception taken.

In denying this motion I think the court erred.   The plaintiff, while crossing the street, was as much obligated to look out for her own safety as was the motorman.   She saw, according to her own testimony, a car approaching (whether it was the one which subsequently struck her does not appear), and, having noticed this car, she could not step upon the track without having first ascertained whether it was safe to do so or not.   Jackson v. Union Ry. Co., 77 App. Div. 161, 78 N. Y. Supp. 1096.   There is absolutely no evidence which shows, or tends to show, how far away the car which struck her was when she stepped upon the track; or how many feet she was from the track on which she stepped when she looked and saw a car, or how much time elapsed after looking before the accident occurred.   The evidence, therefore, did not justify a finding that the defendant was negligent or the plaintiff free from negligence.   Lofsten v. Brooklyn H. R. R. Co., 184 N. Y. 148, 76 N. E. 1035; Cranch v. Brooklyn H. R. R. Co., 186 N. Y. 310, 78 N. E. 1078; Dorienza v. N. Y. C. Ry. Co., 112 App. Div. 913, 99 N. Y. Supp. 1138, affirmed 187 N. Y. 567, 80 N. E. 1107; Trauber v. Third Avenue R. R. Co., 90 App. Div. 606, 85 N. Y. Supp. 1149, affirmed 181 N. Y. 541, 73 N. E. 1133; Jackson v. Union Ry. Co., supra.   The fact that the plaintiff was struck by a car as she was leaving the track did not of itself justify a finding that the defendant was negligent, or that she was free from negligence.   Kappus v. Metropolitan St. Ry. Co., 82 App. Div. 13, 81

N. Y. Supp. 442. The truth is the plaintiff, according to her testimony, paid no attention to her own safety after she left the corner, and therefore her conduct does not sustain a legal inference that she exercised the degree of care which the law imposed upon her, and a finding of the jury to the contrary is based solely upon speculation, and nothing else.

I am also of the opinion that the judgment must be reversed because the court refused to charge the following request:

"I ask your honor to charge that the plaintiff was required to look after she left the curb before she tried to cross the track."

It is difficult to imagine why this request was refused. Plaintiff, as already suggested, was as much bound to look out for herself as the motorman was. She could not, having observed a car approaching, heedlessly cross the street and pay no attention to it, because the motorman had as much right to assume that she would keep out of the way of the car as she had to assume that the motorman would so control the car that it would not injure her.

The court also erred in refusing to charge a request to the effect that there was no evidence that the plaintiff was of infirm mind or had any physical impairment prior to the accident. There was no evidence to show that the plaintiff, prior to the accident, was of infirm mind or had any physical impairment whatever.

The judgment and order appealed from, therefore, must be reversed and a new trial ordered, with costs to appellant to abide event.

INGRAHAM, HOUGHTON, and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). The evidence shows that the plaintiff, who was 70 years of age, was crossing the Bowery from west to east on the southerly line of Bleecker street at about 8 o'clock in the evening on the 2d day of April, 1906, and was struck by a north-bound surface car on the third or fourth track in the Bowery from the westerly curb thereof. The plaintiff testified:

"I crossed over the first line of cars, and the car was about two blocks away and I crossed over, and as I was getting over I couldn't avoid it. The car came upon me and hit me upon the leg. * * * As I attempted to cross this street, I saw a car two blocks away, and I proceeded to cross. I did not notice the car again before it struck me, until it got nearly upon me. It was upon me, you might say."

That the car was coming very fast, and she was about leaving the track, had only one step to take to clear the track when she discovered it near her, and was unable to take that before the car caught her. The distance from the curb to the track upon which plaintiff was struck is not shown, nor may we take judicial notice that it is further than in other streets. The presumption is in favor of the judgment. It is incumbent upon the appellant to show error. A policeman, whose attention was drawn to the plaintiff while she was crossing the street just before the accident, testified as follows:

"I saw her cross the street just prior to being struck by the car. She was walking very slowly, very feebly."

Both the plaintiff and the police officer gave testimony tending to show that the gong was not sounded. The defendant neither offered any testimony nor explained its failure to call the motorman or conductor. In addition to the inference that might properly be drawn by the jury from the appearance of the plaintiff on the stand, there was this evidence of her extreme age, and that at the time she was walking slowly and very feebly. The court properly drew the attention of the jury to these facts, and instructed them that the duty of ordinary care did not require such vigilance on her part as might be expected from a strong young person, and stated that the same care should not be expected of a child as of an adult, or from a feeble-minded person as from a strong-minded person, or from a person physically and mentally infirm as from one young, strong and alert, and that plaintiff was only required to exercise reasonable care in view of her age and physical condition. Counsel for the defendant thereupon requested the court to instruct the jury that there was no evidence that the plaintiff was of infirm mind or had any physical impairment prior to the accident, to which the court responded, "Gentlemen, you have seen the plaintiff. Use your own judgment"—to which counsel for the defendant duly excepted. The plaintiff made no claim for damages on account of being infirm or weak minded, and the discussion between counsel and the court on that subject could not have affected the question of damages, for the jury must have clearly understood the purpose of the court in alluding to the physical or mental infirmity of a party. It was entirely unnecessary for the court to instruct the jury that there was no evidence that the plaintiff was mentally infirm at the time of the trial or physically infirm at the time of the accident, as requested. The jurors, as fairly intelligent men, must have understood that those suggestions were merely made to enable them to appreciate the standard by which the plaintiff's conduct was to be tested. Any inference that the jury were misled thereby to the prejudice of the defendant is, I think, unwarranted.

The court also properly declined the request to charge that it was the duty of the plaintiff, as matter of law, to look again toward the approaching car after leaving the curb. As already observed, the distance she was obliged to walk before she was struck does not appear. It does appear that she was walking very slowly and very feebly, and that she was nearly over the track, which justifies the inference that, when she reached the track, she had ample time to cross if the defendant had respected her rights and approached the crossing with reasonable care.

I therefore vote to affirm the judgment, with costs.