ated here, that the assets should not be removed abroad. The American next of kin joined in asking for the appointment of Hamilton Fish. The learned court appointed the New York Trust Company and David B. Simpson as a joint committee. There is not the slightest question raised as to the fitness, probity or capacity of any of those proposed as the committee or appointed as such. The American next of kin do not appeal from the appointment of the joint committee and express their satisfaction therewith. The English next of kin admit the qualification of the joint committee. But Rollo appeals from the refusal to appoint him, and no reason has been suggested why he should not have his powers extended, so as to place him in charge of all the property of the incompetent, and thus avoid divided responsibility, and perhaps a clash, in the administration of the estate.

The power of the court, in its discretion, to appoint the foreign committee of an incompetent as the committee of his property within this state, is expressly declared. Section 2326, Code Civil Procedure. We think that this was a case where the discretion should have been exercised in favor of the petitioner. At the same time we realize the propriety of retaining in this jurisdiction the property now here, aggregating $787,000 in par value, made up of stocks and bonds in American companies, and largely the result of a trust created by a resident of this state. When the incompetent became of age, he came to this country, and, after receiving the accumulations of income, allowed his property to still remain in this city, where his father had been engaged in business. This indication of his own desires is not without force.

The order appealed from will therefore be reversed, without costs, and the petition of Bernard Francis Rollo for his appointment as committee will be granted, conditioned upon his filing security as such in the penal sum of $600,000, to be approved by a justice of this court; none of the property of the incompetent to be removed from the jurisdiction of this court without application thereto, and the payments directed by the order to be made to the various parties hereto to stand as approved. All concur.

MILLER, J. I concur, on the ground that, unless the foreign committee was appointed as provided by section 2326 of the Code of Civil Procedure, the court was required to proceed as provided by section 2327. See Matter of Curtiss, 134 App. Div. 547, 119 N. Y. Supp. 1122.

---

VELTHUSEN v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department.   July 11, 1912.)

1. TRIAL (§ 252*)—INSTRUCTION—SUPPORT IN EVIDENCE.

Where, in an action for death by collision with a street car. the evidence did not show that the motorman knew, or by ordinary care could have known, of the peril of plaintiff's intestate in time to have avoided the accident, it was error to charge that, if the motorman had the last

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

clear chance to avoid the accident, it was immaterial whether the intestate was negligent.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596-612; Dec. Dig. § 252.*]

2. NEGLIGENCE (§ 83*)—LAST CLEAR CHANCE.

The last clear chance doctrine does not apply unless the character of the accident is such that it can be fairly said that the negligence of the injured person was not its proximate cause.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 115; Dec. Dig. § 83.*]

3. NEGLIGENCE (§ 122*)—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In a death case, it was error to charge that, where a person dies from his injuries, his freedom from contributory negligence may be inferred from the facts in the case; the rule that less proof is required in such cases not relieving plaintiff from proving that his intestate exercised due care, either by direct evidence or by inference from facts proved.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 221-223, 229-234; Dec. Dig. § 122.*]

4. NEGLIGENCE (§ 135*)—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

The rule that less proof is required to establish freedom from negligence in death cases did not apply where there was an eyewitness to the accident.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 274-276; Dec. Dig. § 135.*]

5. STREET RAILROADS (§ 98*)—COLLISION—RIGHT OF RECOVERY.

Where plaintiff's intestate took no precaution for his own safety, and was injured by stepping in front of an approaching lighted street car which he must have seen if he had looked, there could be no recovery.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 204-209; Dec. Dig. § 98.*]

Appeal from Trial Term, New York County.

Action by Anna Velthusen, as administratrix, against the Union Railway Company of New York City. From a judgment for plaintiff and order denying new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Bayard H. Ames, of New York City, for appellant.

Daniel P. Hays, of New York City, for respondent.

McLAUGHLIN, J. The plaintiff's intestate between 8 and 9 o'clock on the evening of November 24, 1907, was struck by one of the defendant's cars at the intersection of Westchester and Union avenues, and so injured that he died a few days later. This action is in negligence to recover the damages alleged to have been sustained by the widow and next of kin. Plaintiff had a verdict of $20,000, and from the judgment entered thereon and an order denying a motion for a new trial defendant appeals.

[1, 2] The trial court, at the request of counsel for the plaintiff, to which an exception was taken, charged the jury that:

"If, under all the circumstances in the case, the jury find that the motorman had the last clear chance to avoid the accident, that in such a case it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

is immaterial whether or not the intestate was guilty of contributory negligence."

I am of the opinion that this was error, and necessitates a reversal of the judgment. There is no evidence that when the deceased started to cross the uptown track, or indicated an intention to do so, the motorman could have prevented the collision. There is some evidence that the motorman increased the speed of the car after crossing the intersection of the avenues referred to, but there is nothing to show that the motorman saw the deceased or by the exercise of ordinary care should have discovered the perilous position in which he had placed himself. The deceased, when first seen, was between the uptown and downtown tracks. The distance between these tracks is five feet. The distance between the westerly and easterly rails of the uptown track is a little over four feet. He was struck just as he was leaving the easterly rail of the uptown track, and from the time when he was first seen until he was struck he traveled at an ordinary walk. The car could not have been running at a very great rate of speed because, during the same time, it traveled at most double the distance that the deceased did. So that, if he were negligent in going upon the track when the car was so near as to render the act dangerous, then such negligence cannot be regarded as so remotely connected with the accident as to make the rule laid down in the charge applicable. The rule of law stated does not apply, unless the character of the accident is such that it can fairly be said that the negligence of the injured party was not its proximate cause. Rider v. Syracuse R. T. Co., 171 N. Y. 139, 63 N. E. 836, 58 L. R. A. 125; Bambace v. Interurban St. Ry. Co., 188 N. Y. 288, 80 N. E. 913.

[3] I am also of the opinion that the court erred in giving the jury the following instructions:

"Where the person dies as a result of the injuries, thus rendering it impossible for the giving of testimony by the decedent, inferences may be indulged from all the facts in the case to the effect that the intestate was free from contributory negligence."

This instruction permitted the jury to infer that the intestate was free from negligence because, being dead, he was unable to testify.

[4] It is true less proof is required as establishing freedom from negligence in death cases than where a person injured is able to testify; but in death cases it must be shown either by direct evidence or from surrounding circumstances that the deceased exercised the care which the law requires. Baxter v. Auburn & Syracuse El. R. R. Co., 190 N. Y. 439, 83 N. E. 469; Wieland v. D. & H. O. Co., 167 N. Y. 19, 60 N. E. 234, 82 Am. St. Rep. 707. Besides, I do not think this rule applies, because there was an eyewitness to the accident, and the relaxation of the rule is only when there is no eyewitness. Seidan v. Long Island R. R. Co., 104 App. Div. 4, 93 N. Y. Supp. 209.

[5] Furthermore, I think the verdict is against the evidence. There is nothing to show that the deceased took any precautions whatever for his own safety. The car was lighted, and, had he looked, he must have seen it. The truth is, as it seems to me, that he stepped

right in front of an approaching car, and in this way the unfortunate accident happened. Zucker v. Whitridge, 205 N. Y. 50, 98 N. E. 209.

The judgment and order appealed from therefore are reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

LAUGHLIN, J. I concur, but am of opinion that there is no rule or doctrine of "last clear chance" as charged.