son of having given Hayman an assignment in blank. But he was not a stranger. On the contrary, so far as the mortgage was concerned, he was a partner, and chargeable with whatever knowledge his co-partner, Hayman, had as to plaintiff's rights.

The judgment appealed from should be reversed, with costs, and judgment entered for the plaintiff; the decision and judgment to be settled on notice. All concur.

---

WOODWARD v. NEW YORK RYS. CO. (No. 6364.)

(Supreme Court, Appellate Division, First Department. November 20, 1914.)

1. STREET RAILROADS (§ 99*)—INJURIES TO PERSONS ON TRACKS—CONTRIBUTORY NEGLIGENCE.

A traveler, crossing street car tracks, who saw a car about a block away, and, thinking that she had a chance to pass ahead of it, drove on without again looking at the car, is guilty of contributory negligence, which bars recovery, on collision with the car; it being her duty to look out, as well as that of the motorman.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 209–216; Dec. Dig. § 99.*]

2. STREET RAILROADS (§ 99*)—INJURIES TO PERSONS ON TRACKS—CARE.

While a' traveler on a highway is not bound to stop, look, and listen for street cars, he is bound to exercise reasonable precautions for his own safety, and may not rely solely on the motorman to avoid accidents.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 209–216; Dec. Dig. § 99.*]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Anna W. Woodward against the New York Railways Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Frederick J. Moses, of New York City, for appellant.
Frank V. Johnson, of New York City, for respondent.

SCOTT, J. The action is for damages received by plaintiff as the result of a collision between an electric car owned by defendant and a light wagon which plaintiff was driving. That the motorman of the car was negligent is not denied, but it is claimed by defendant that the plaintiff was herself guilty of contributory negligence, and for this reason should not recover.

[1] On July 6, 1912, plaintiff, who says that she is an experienced horsewoman, was driving a single horse attached to a light wagon westwardly through 130th street in the city of New York. As she approached Eighth avenue, when her horse's head had just reached the crossing on the easterly side of the avenue, she looked uptown and saw a car approaching about one block away. Asked whether she formed an impression whether the car was going fast or slow, she replied: "I

did not give it a thought." She admitted that after she had seen the car she proceeded to drive across the avenue, and never paid any more attention to the car until she had nearly crossed the tracks, when she became conscious that the car was right upon her. In fact, it struck the after part of her rear wheel, which indicates very clearly that, if she had looked a second time, she could easily have cleared the car, even if the motorman was negligent, as he undoubtedly was. Her mental attitude is shown by her own testimony, which was that when she first saw the car, and before she had started to cross the avenue she thought: "Well, it's going pretty good; I have a good show to get across."

In my opinion, on the plaintiff's own evidence, and I have quoted only from that, she was clearly guilty of contributory negligence. It has frequently been so held in many similar cases. In Tully v. N. Y. City Railway Co., 127 App. Div. 688, 111 N. Y. Supp. 919, the circumstances were much the same as in the present case except that the plaintiff was a pedestrian. This court said:

"The truth is the plaintiff, according to her testimony, paid no attention to her own safety after she left the corner, and therefore her conduct does not sustain a legal inference that she exercised the degree of care which the law imposed upon her, and a finding of the jury to the contrary is based solely upon speculation and nothing else. * * * Plaintiff, as already suggested, was as much bound to look out for herself as the motorman was. She could not, having observed a car approaching, heedlessly cross the street and pay no attention to it, because the motorman had as much right to assume that she would keep out of the way of the car as she had to assume that the motorman would so control the car that it would not injure her."

To the same effect are Bernstein v. N. Y. City Ry. Co., 92 N. Y. Supp. 228; Lynch v. 3rd Ave. R. R., 88 App. Div. 604, 85 N. Y. Supp. 180; Litzour v. Interurban Street Ry. Co., 116 App. Div. 477, 101 N. Y. Supp. 990; Baxter v. Auburn & Syracuse E. R. R. Co., 190 N. Y. 439–443, 83 N. E. 469.

[2] It is true that a traveler on the highway is not subject to the same obligation to "stop, look, and listen" for street cars as for steam cars; but he is under some obligation to use reasonable precaution for his own safety, and may not, without imputation of negligence, rely solely upon the driver or motorman of a street car to avoid collision. What especially convicts the plaintiff of negligence is that she actually saw the car coming, and speculated, as she says herself, whether or not she had time to cross in front of it. If the situation when she first saw the car was such as to raise a question in her own mind as to the probability of a safe crossing in case she attempted to drive in front of the car, it was sheer negligence, and nothing else, to drive blindly on without taking a second look before she placed herself in a position of danger.

The verdict of the jury was directly contrary to the law of the case as charged by the court, and was also contrary to the evidence.

The judgment and order appealed from should be reversed, and this complaint dismissed, with costs to the appellant.

McLAUGHLIN and CLARKE, JJ., concur.

LAUGHLIN, J. (dissenting). There is an elevated railroad supported by pillars and a double-track surface street railway in Eighth

avenue, which is crossed at right angles by 130th street. At about 5 o'clock in the afternoon on the 6th day of July, 1912, the plaintiff, an experienced horsewoman, accompanied by her niece, 7 years of age, was driving a gentle horse attached to a runabout at a slow trot westerly along 130th street, intending to cross the intersection of that street with Eighth avenue, and to continue on beyond. The plaintiff was in no hurry, and as she passed the easterly building line of Eighth avenue she looked up and down the avenue. The only vehicle in sight was a south-bound car a block or more to the north on the westerly track, and she was very positive that it had not passed 131st street. She testified that she "thought it was safe to proceed," and that she did not give the car any further attention, because she "did not think it necessary," and that after looking she continued to pass on at the same speed, giving her attention to the street ahead of her and to the crossing, and the car came on without slowing down, and caught the rear right wheel just as it was passing from the range of the car, causing the damage for which the plaintiff has recovered.

The testimony of the plaintiff quoted by Mr. Justice SCOTT was given on cross-examination in answer to leading questions, and the record shows that counsel for the defendant insisted on having several answers made by her, to the effect that, if she thought that there was danger that the car would overtake her, she would not have proceeded, stricken out. On a consideration of the entire testimony given by the plaintiff the jury were warranted in finding that the plaintiff in proceeding believed that she had time to cross the track before the car would reach the crossing. Moreover, if the car was a block or more away, she was justified in proceeding upon the theory that the motorman would have his car under control when he approached the crossing, and would accord to her the right of way to which she was entitled, since according to testimony, which the jury were warranted in believing, "when she started to drive across, the street car was fully half a block or more away from her," and when her vehicle was passing off the south-bound track, with one of the hind wheels on it, "the car was about 25 feet away from her." The car, however, approached the crossing "at a very great rate of speed," without slowing down, and without any signal or warning to the plaintiff that she was not to be accorded the right of way, or to attract her attention to the danger that the car would strike her vehicle if she did not urge the horse forward faster.

I am of opinion that it cannot be held, as matter of law, that the plaintiff, in the circumstances, was guilty of contributory negligence in failing to look again, and to discover that the car was coming on at this high rate of speed, and that it was for the jury to say whether or not the plaintiff should have looked again, or should have refrained from proceeding as she did, and that their verdict in her favor is amply sustained by the evidence. It has never been held by the Court of Appeals that a person approaching the crossing of a surface street railway track in a thickly populated city is obliged *as a matter of law* to look more than once for an approaching street car, after passing the building line where a view may be had. The facts in the cases on which the learned counsel for the defendant relies on this point, particularly Baxter v. Auburn & Syracuse E. R. R. Co., 190 N. Y. 439, 83 N. E. 469,

clearly distinguish them from the case at bar, for here there was no lapse of time between the plaintiff's looking up and down the avenue and proceeding to cross. Her vehicle was already in motion, and it would have taken only a few seconds to have cleared the track.

I am of opinion that it is essential to the rights of pedestrians and others obliged to cross street railway tracks at crossings congested by vehicles and pedestrians that the rule be established that they may, in exercising their right of way when they reach the track first, proceed on the assumption that an approaching street car will be slowed down or so controlled as not to endanger their passage, unless the circumstances are such that a person of ordinary prudence would have discovered from the nearness or speed of the car that such right was not to be accorded. These views are in accord with the observations made by me in Du Frane v. Metropolitan Street Ry. Co., 83 App. Div. 298, 82 N. Y. Supp. 1, where I was stating the rule applicable when the pedestrian is aware or should know that the motorman has failed to slow down for the crossing, and was proceeding over it at full speed.

I therefore dissent from the dismissal of the complaint, and vote for affirmance.

INGRAHAM, P. J., concurs.