### JAMES EVERARD'S BREWERIES v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department.   March 4, 1915.)

STREET RAILROADS (§ 101*)—COLLISION WITH VEHICLE—RIGHT OF WAY.

    Neither an auto truck nor a street car had the right of way, and on evidence showing that the drivers of each depended on the other to stop before a crossing in order to avoid a collision, and that both were negligent, the owner of the truck was not entitled to recover.

    [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 101.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by James Everard's Breweries against the New York Railways Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint ordered dismissed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

James L. Quackenbush, of New York City (Albert L. Wilbur, of New York City, of counsel), for appellant.

Maurice B. Gluck, of New York City, for respondent.

PENDLETON, J.   The action is for damages due to a collision between plaintiff's auto truck and defendant's trolley car.   The appeal raises the questions on the evidence as to negligence and absence of contributory negligence.

Plaintiff's evidence showed by its chauffeur and helper that they started from a point on 133d street, west of Madison avenue, intending to go south on Madison avenue.   About 7 or 8 yards from the crossing they saw the car approaching about 30 yards south of 134th street *"just coming at full power."*   The helper put up his hand for defendant's car to stop.   The car struck the truck's front spring and scraped by in front of the truck.   Defendant's motorman made no effort to stop his car.   When the truck was 10 feet from the track the car was 25 feet away, coming full speed "as fast as they can go."   Plaintiff's chauffeur says the helper held up his hand, and "I was blowing the horn; that is all I could do."   This is not true.   He should have slowed down or stopped.   "I stopped as soon as I could, *when I seen he was not going to stop."*

Defendant's witnesses say the truck started up suddenly and ran into the side of the car near the rear, as it was slowing down to take on a passenger.   According to plaintiff's own testimony, the men in

charge of the truck saw the car coming at a high rate of speed and kept right on, contenting themselves with signaling the car to stop until too late to avoid the collision. Neither party had the right of way. It was as much their duty to avoid a collision as of the men in charge of the defendant's car. In Tully v. New York City Railway, 127 App. Div. 688, 111 N. Y. Supp. 919, the court said:

"The plaintiff * * * was as much bound to look out for herself as the motorman was. She could not, having observed a car approaching, heedlessly cross the street and pay no attention to it, because the motorman had as much right to assume that she would keep out of the way of the car as she had to assume that the motorman would so control the car that it would not injure her."

Both parties, on plaintiff's evidence, kept on relying on the other's giving way. If both were negligent, plaintiff cannot recover. Defendant's motion to dismiss on plaintiff's case should have been granted.

Judgment reversed, and judgment directed for defendant, dismissing the complaint, with costs, and costs of this appeal. All concur.