effort was made to fix the value of the relator's property, or show that the rates charged produced to the relator more than a fair and reasonable return upon its investment. Indeed, the complainants, as well as the Commission, proceeded upon the theory that the burden was upon the telephone company to show that its rates were fair, reasonable, and lawful. But this theory was erroneous, for exactly the opposite doctrine has been proclaimed in People ex rel. N. Y. C. & H. R. R. Co. v. Public Service Commission, supra.

This rule propounded by the courts has been abrogated by the Legislature (chapter 240, Laws 1914) so far as it relates to common carriers. It remains intact, however, apparently, as to all other public service corporations, and therefore must control our determination in this case. The decision of this court in the New York Central Case, supra, was rendered before chapter 240 of the Laws of 1914 was enacted, although the decision of the Court of Appeals was rendered subsequently. When the case was in this court, I dissented from the doctrine promulgated, but notwithstanding my dissent it has become the law of the state and must be respected and observed. Therefore, the complainants having failed to discharge the burden cast upon them by this rule, it necessarily follows that the order of the Public Service Commission should be reversed. Having reached this conclusion, it is unnecessary to discuss the merits of the controversy.

The orders of the Public Service Commission are annulled, and a new hearing is granted before the Commission. All concur.

---

GRUHN v. BROOKLYN HEIGHTS R. CO. (No. 235.)

(Supreme Court, Appellate Term, Second Department. September, 1915.)

1. COURTS ⊆⊃190—MUNICIPAL COURTS—REVIEW—RECORD.
    In case of conflict between the judgment and the stenographer's notes in a trial in the Municipal Court, the judgment controls.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. ⊆⊃190; Appeal and Error, Cent. Dig. § 103.]

2. COURTS ⊆⊃189—MUNICIPAL COURTS—TRIAL—DISMISSAL.
    Where defendant had offered no evidence, nor had it rested on plaintiff's case, dismissal on the merits is improper.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⊆⊃189.]

3. STREET RAILROADS ⊆⊃117—CROSSING ACCIDENTS—DEGREE OF CARE.
    Where the driver of a wagon saw a street car nearly 500 feet away from the crossing, and he then turned upon the tracks without further looking, his wagon being equipped with lights, he was not guilty of negligence as a matter of law, as he had a right to assume that the motorman would, at the crossing, have the car under proper control.
    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. ⊆⊃117.]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Otto Gruhn against the Brooklyn Heights Railroad Company. From a judgment of dismissal on the merits, plaintiff appeals. Reversed and remanded.

Argued September term, 1915, before MADDOX, CRANE, and BENEDICT, JJ.

John Klein, of Brooklyn, for appellant.
A. C. Mayo, of Brooklyn, for respondent.

BENEDICT, J.  Appeal from judgment of the Municipal Court of the City of New York, Borough of Brooklyn, Third District, rendered April 5, 1915, in favor of the defendant, dismissing the complaint on the merits, with costs.  The action was brought to recover damages for negligence resulting in injury to property.

[1-3] This action was tried by a justice sitting with a jury.  At the close of the plaintiff's case the court dismissed the complaint upon the merits, with $15 costs, upon the authority of Woodward v. New York Railways Company, 164 App. Div. 658, 149 N. Y. Supp. 1003. The stenographer's record differs from the judgment, in that it states that the dismissal was without prejudice; but the judgment is controlling on this point.  The dismissal should not have been "on the merits," as the defendant had offered no evidence, nor had it rested upon the plaintiff's case.  This error might be cured by striking out the obnoxious words, if the judgment of nonsuit were correct.  In my opinion it was not proper.

It would appear from the judgment that the court held that the plaintiff's servant was guilty of contributory negligence as a matter of law, and for this he relies upon the Woodward Case, supra.  In that case, however, which was decided by three out of five justices of the Appellate Division, First Department, the facts were quite different from those shown herein.  In the present case the plaintiff's servant was driving a milk wagon along Myrtle avenue on the right-hand side of street in an easterly direction towards Richmond Hill at about 4 o'clock in the morning on September 18, 1914.  As he approached Folsome avenue, the driver saw a car approaching from the opposite direction about two blocks away at Lafayette avenue.  The distance between Folsome and Lafayette avenues is 452.91 feet.  He wished to turn into Folsome avenue; and as he was about to do so, and was crossing the tracks, the wagon was hit by the trolley car, which struck one of the hind wheels and practically demolished the wagon, scattered its contents, consisting of milk bottles, broke the harness, and injured the horse.  The plaintiff's wagon had two lights upon it, and there were electric lights in the street.  The plaintiff looked before starting to turn across, and saw the trolley car about two blocks away. He judged that the car was standing still when he saw it; but the judge struck out the statement as not responsive to the question, asked on his cross-examination, whether the car was coming fast, and plaintiff excepted.

The court apparently thought the driver should have looked more than once; but it is clear that he looked as he started to turn across the track, and, seeing the car at a considerable distance away, he turned across.  There was here no failure to exercise due care and prudence, unless we are prepared to say that a driver must always stop to permit an approaching car to pass, no matter how great its distance, when first seen, may be.  This is not the law, nor would it be

reasonable. It would seem that ordinary prudence would permit a driver to cross a street railway track if the approaching car was, at the time he started to cross, 400 feet distant. The driver had a right to assume, also, that the motorman would have his car under a proper degree of control at a street crossing, and to rely, at least to some extent, upon that assumption. Ordinary prudence is all that is required; and, if that be shown, the plaintiff should not be nonsuited, but is entitled to have the question of his contributory negligence submitted to the jury to decide upon the evidence.

The judgment should be reversed, with costs in this court, and a new trial granted. All concur.