The judgment should be reversed and a new trial granted.

JENKS, P. J., MILLS, PUTNAM and BLACKMAR, JJ., concur.

Judgment of conviction reversed and new trial granted.

---

ROSINA W. RUPPENTHAL, Respondent, *v.* NASSAU ELECTRIC RAILROAD COMPANY, Appellant.

Second Department, April 16, 1920.

Street railways — negligence — action for personal injuries received by being struck by street car — contributory negligence — evidence — failure to use due care — excessive speed — failure to give signals not material where plaintiff saw car approaching.

In an action to recover for injuries received by the plaintiff by being struck by the defendant's street car while she was crossing the track it appeared that the plaintiff's view was unobstructed and that as she approached the track she saw the oncoming car but continued on her way without again looking, and that there was no emergency requiring her to cross the track in front of the approaching car.

On all the evidence, *held*, that although the plaintiff was not guilty of contributory negligence as a matter of law, she did not exercise due care in attempting to cross the track; that the facts did not justify a verdict inculpating the defendant, and that the speed of the car was not excessive.

*It seems*, that the failure of the defendant to give proper signals of the approach of the car was immaterial as the plaintiff admitted that she saw the car approaching.

BLACKMAR and KELLY, JJ., dissent.

Second Department, April, 1920.                    [Vol. 191.

APPEAL by the defendant, Nassau Electric Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 27th day of March, 1919, upon the verdict of a jury for $800.

*Trabue Carswell* [*George D. Yeomans* with him on the brief], for the appellant.

*George F. Hickey,* for the respondent.

JENKS, P. J.:

I am not prepared to say that as matter of law plaintiff contributed to the casualty, but I do think that the facts did not justify a verdict that exculpates her from contributory negligence. There was a subway station isolated like an island in the triangle formed by Flatbush, Atlantic and Fourth avenues in the borough of Brooklyn. The defendant worked its street surface cars upon main lines in the first two streets. In addition, it maintained in that locality a third track laid near the east curb of Flatbush avenue, which track crossed the main tracks and ran into Fourth avenue so as to form a loop around the subway station in connection with the main track in Atlantic avenue. This third track is familiarly known as the " loop track." The defendant worked its cars upon all of these tracks. The territory includes this subway station, a large steam railway station, an elevated railway station and other outlets from the subway. Especially in the morning and evening hours of the day, there are throngs of people passing into and out of the stations. In the early and late hours of the day these entrances and exits are crowded with people and throngs pass over the streets. The plaintiff was a woman of mature years, familiar with the locality and the transit system thus worked. At 5:30 P. M. on a clear day of May, she left the east sidewalk of Flatbush avenue to go to a street surface car which was waiting on the western main track of Flatbush avenue to receive passengers. Her course led her to cross the two main tracks and then to cross the loop track. After she had crossed the main tracks and when she had come within 3

or 4 feet of the loop track, she looked and saw a car (then 20 or 25 feet distant) coming upon the loop track. She paid no attention to the speed of the car, but walked on with her back partly turned to the car. She did not look again before she stepped onto the loop track, and she admits that so far as she knew the car at that time might have been " right on top of her." Her explanation of her conduct is that she had in mind the car which she sought to take as a passenger, which was then waiting on the west main track; that she knew — she thought — that she could cross over the loop track in safety, and when she saw the oncoming car on the loop track she did not know it was so near. Her sole eye witness of the casualty testifies that there was nothing to obstruct plaintiff's view of the car, and he finally estimates that when the plaintiff had come to the loop track the oncoming car was 8 or 10 feet away from her.

When the jury came to consider her conduct, they had not only this testimony of the plaintiff and her said witness, but that of the motorman and of several witnesses, apparently disinterested, of whom all were called by the defendant, who testify that after the time she came to the loop track, although her front was towards the car, she was not facing it, but that she had her head almost continuously turned away. There was no emergency. I think that the preponderance of proof is that the plaintiff attempted to cross the loop track without the exercise of due care. (*Perez* v. *Sandrowitz*, 180 N. Y. 397, cited and quoted from in *Knapp* v. *Barrett*, 216 id. 226; *Zucker* v. *Whitridge*, 205 id. 50; *Woodward* v. *New York Railways Co.*, 164 App. Div. 658; affd., 221 N. Y. 538.)

I think that there was not sufficient proof to inculpate the defendant. There was no evidence to justify the conclusion that the speed of the car was excessive. The only evidence adduced by the plaintiff relative to speed is the testimony of her said one witness, who, after disclaiming his capacity, estimates that the car was traveling " fast." This evidence, almost negligible in its character, is outweighed by the undisputed testimony of several witnesses that the car after contact with the plaintiff was stopped almost instantly. One witness testifies that the car was stopped " about the same time that [the plaintiff] met it." Even the said witness for the plaintiff testifies that

the car did not pass beyond the place where plaintiff lay after she was struck and pushed aside by the car, which place was within a foot or two of the front of the car. The evidence further shows that the curve of the loop was sharp, that the car moved around the curve with its power shut off and that the brakes were applied when the motorman saw the danger due to continuance of plaintiff's course. The evidence for the plaintiff as to the omission of signals is negative, that for the defendant somewhat positive, and in any event we must remember that the plaintiff admits that she saw the car coming towards her before she attempted her way across the tracks. It is said in *Knapp's Case (supra)* by the eminent judge who then declared the law: " If the traveler may rely to some extent on the assumption that care will be taken by the driver, the driver may also rely to some extent on the assumption that care will be taken by the traveler."

I advise for a new trial, with costs to abide the event.

MILLS and PUTNAM, JJ., concur; BLACKMAR and KELLY, JJ., dissent.

Judgment reversed and new trial granted, with costs to abide the event.