Robert T. Skelton, an Infant, by his Guardian ad Litem, Respondent, v. Matthew Larkin, Jr., Appellant.

*Negligence — the slipping of a stone placed without authority in a public street — nuisance — playing of a child in the street is not per se negligence — ordinance of a city, competent evidence.*

The slipping of a stone placed in a public street, by which injury is caused to a person on the street, is evidence tending to show negligence on the part of the person who may be responsible for the position of the stone and renders proper, in an action brought against him to recover damages for the injuries thus sustained, the submission to a jury of the question as to the negligence of such person.

It is not *per se* negligence for parents to allow their children *non sui juris* to play in the streets; it may or may not be negligence, according to the circumstances of each case.

A stone placed in one of the public streets of a city in violation of an ordinance of such city, if not so placed by the permission of the municipal authorities, is a nuisance, and the person who is responsible for such location of the stone is liable for the damages resulting from its being put where it was, although it was so placed by a contractor under him.

An ordinance of a city is, if relevant, competent evidence on the question of the negligence of the defendant, upon the trial of an action brought to recover damages for personal injuries sustained by the plaintiff by reason of such alleged negligence.

Appeal by the defendant, Matthew Larkin, Jr., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 27th day of December, 1892, upon the verdict of a jury, rendered after a trial at the Ulster Circuit, and also from an order entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*A. T. Clearwater*, for the appellant.

*D. M. De Witt*, for the respondent.

Putnam, J.:

We think the question of defendant's negligence was properly submitted to the jury. It was said in *Kunz* v. *City of Troy* (104 N. Y. 344–348): "The death of the plaintiff's intestate, caused by the falling of the counter, demonstrates that it was a dangerous obstruction on the sidewalk." So, in this case, the slipping of the

stone and the injury to plaintiff was evidence tending to show defendant's negligence proper to be submitted to the jury.

So, also, the question of contributory negligence was for the jury. The plaintiff was *non sui juris.* In the case last cited it was held that it was not *per se* negligence for a parent to allow children to play in the street. " It may or may not be negligence, depending upon circumstances. It was, we think, for the jury to determine whether the father of the intestate. was guilty of negligence." (*Kunz* v. *City of Troy, supra,* citing *McGuire* v. *Spence,* 91 N. Y. 303.) So in this case. .

It is claimed, however, by the defendant that the stone which caused the injury was placed where it was by an independent contractor under defendant a few days before the accident, and, hence, defendant was not liable.

But there was evidence tending to show that the stone had remained in the position in which it was at the time of plaintiff's injury for over a year. The jury, from the testimony, could have found that such was the case. If this obstruction in the street, although placed there in 1883 by McLaughlin, a contractor under defendant, was allowed to remain by the latter, after the completion of the contract, over a year, no doubt could be entertained as to his liability if the stone was negligently placed.

If we were to assume the fact to be as the witness Purvis testified, that the latter placed the stone which caused the injury to plaintiff only two or three days before the accident, such assumption would not call for a reversal of the judgment. The obstruction was in one of the public streets of the city of Kingston, in violation of a city ordinance, and it was not claimed that it was so placed by permission of the municipal authorities or that defendant was authorized by the city to disturb the street. Hence, it was, in fact, a nuisance in the street, and defendant was liable for damages in consequence of its being put where it was, although so placed by a contractor under him. (*Creed* v. *Hartmann,* 29 N. Y. 591 ; *Storrs* v. *City of Utica,* 17 id. 104; *Turner* v. *City of Newburgh,* 109 id. 301–306 ; *Brusso* v. *City of Buffalo,* 90 id. 679.)

The ordinance of the city of Kingston was competent evidence on the question of defendant's negligence. (*Knupfle* v. *Knickerbocker Ice Co.,* 84 N. Y. 488.)

We think the case was properly disposed of by the learned trial court, and can discover no errors that should cause a reversal of the judgment. The various questions raised on this appeal are so old and have been so often considered by the courts that we do not deem it necessary or desirable to write at length in the case.

Judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.