DAVID PEREZ, as Administrator of the Estate of MICHAEL PEREZ, Respondent, *v.* BERNARD SANDROWITZ, Appellant.

1. APPEAL — WHEN AFFIRMANCE ASSUMED NOT TO HAVE BEEN UNANIMOUS. If it does not appear from the order or judgment that an affirmance by the Appellate Division was unanimous, the Court of Appeals will assume that it was not, and will determine whether the evidence was sufficient to warrant the submission of the case to the jury, where the defendant has moved for a dismissal of the complaint.

2. NEGLIGENCE — WHEN FACTS PROVEN DO NOT SHOW THAT PLAIN-
TIFF'S INTESTATE WAS FREE FROM CONTRIBUTORY NEGLIGENCE. Where
in an action for negligence it appeared that the plaintiff's intestate was
injured while diagonally crossing a street in which there was no vehicle
and no obstruction to prevent him from seeing an approaching team by
which he was struck, and there is no fact in evidence to show that he
used reasonable care, and the facts proven not only do not permit of the
slightest inference that any care was exercised, but are such that the
occurrence is inexplicable, except upon the inference that he consciously
took the risk of crossing in front of the team, or, being unconscious and
unobservant of the situation, that he walked into the team, such evidence,
however negligent the driver of the team may have been, fails to meet
the burden imposed by law upon the plaintiff of showing that the
deceased was free from fault, and it is reversible error to submit the case
to the jury.

*Perez* v. *Sandrowitz*, 90 App. Div. 606, reversed.

(Argued January 25, 1905; decided February 3, 1905.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered Janu-
ary 21, 1904, affirming a judgment in favor of plaintiff entered
upon a verdict and an order denying a motion for a new
trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Eugene Lamb Richards, Jr.*, for appellant. The complaint
should have been dismissed on the ground that the plaintiff
failed to show that the deceased was free from contributory
negligence. (*McDonald* v. *M. S. Ry. Co.*, 80 App. Div.
233; *Dolfini* v. *E. R. R. Co.*, 178 N. Y. 1; *Kappus* v. *M.
S. Ry. Co.*, 82 App. Div. 13; *Weiss* v. *S. M. S. Ry. Co.*, 33
App. Div. 221; *Sullivan* v. *U. Ry. Co.*, 81 App. Div. 599;
*Swartz* v. *N. Y. C. R. R. Co.*, 81 App. Div. 402; *O'Reilly*
v. *B. H. Ry. Co.*, 82 App. Div. 492.) Even assuming that
the defendant's driver was negligent in not seeing the boy and
stopping the wagon and avoiding the accident, the boy was
equally negligent in not seeing and avoiding the approaching
wagon. (*Kauffman* v. *I. S. Ry. Co.*, 43 Misc. Rep. 634;

*Du Frane* v. *M. S. Ry. Co.*, 83 App. Div. 298; *Little* v. *T. A. Ry. Co.*, 83 App. Div. 330.)

*Henry W. Unger* and *Abraham Levy* for respondent.

Gray, J. The plaintiff recovered damages against the defendant for causing the death of his intestate, who was his son, upon allegations to the effect that it was occasioned through the negligence of an employé. The judgment of the trial court in his favor was affirmed by the Appellate Division; but, as it does not appear from the order, or judgment, that the affirmance was unanimous, we must assume that it was not. Therefore, upon this appeal, we are at liberty to review the evidence and to determine whether it was sufficient to warrant the submission of the case to the jury. The defendant had moved for a dismissal of the complaint, at the close of the evidence, upon the ground that the deceased was guilty of negligence which contributed to the injury.

The accident, which caused the death, occurred on 77th street, in the city of New York, at a point somewhat to the east of the easterly crosswalk at First avenue and about the middle of a day in August. According to those of the plaintiff's witnesses who saw the accident, the defendant's wagon, drawn by two horses, was being driven eastwardly on East 77th street at a rapid rate. After crossing First avenue, the horses struck the boy, who was in the street; throwing him to the ground, in such manner that the wagon passed over his body. The boy was crossing the street, at a point some twenty feet or more from First avenue, and was proceeding in a slanting direction towards the avenue. It was raining hard and he was wearing a rubber coat, or cover, to protect him from the rain. The plaintiff testified of him, that he was about thirteen years of age and that he was a bright and healthy boy. There is no claim that he was incapable of caring for himself. There was no other vehicle, and no obstruction, in the street, at the time, which could have prevented him from seeing the approaching wagon. What he was doing, whether playing,

or accomplishing some more serious purpose, is not certain from the evidence; which is, also, conflicting as to whether the rubber coat, or blanket, was over his shoulders, or over his head and eyes. According to the driver of the wagon, he was driving at a moderate gait and the deceased had come suddenly from the sidewalk upon the street and walked into the horses.

It may be conceded that, upon the evidence, the question of the negligence of the defendant's driver was one of fact which a jury, alone, could determine; but, before that question could be submitted, another question must have arisen upon the evidence, which should accompany the submission of the other one, and that was, whether the deceased was free from contributory negligence. There is the difficulty in this case. The evidence utterly fails to show, directly, or inferentially, that the deceased used that degree of care, which was incumbent upon him under the circumstances. He was a bright, healthy lad of thirteen years of age and, while he had a right to cross the street between the crossings, he was bound to use that reasonable degree of care, which the circumstances suggested. There is not one fact in evidence to show that he used any care; nor do the facts proven permit of the slightest inference that any care was exercised. The circumstances were such as to permit of but the inference that he consciously took the risk of crossing, as he did; or, being unconscious and unobservant of the situation, that he walked into the approaching team. The time of day, the absence of other vehicles in the street and the character of the deceased were such as to make the occurrence inexplicable, except upon such suppositions. He may have covered his head with the rain coat, or he may have recklessly taken his chances of getting across the street in front of the horses. Our decisions in *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, (58 N. Y. 248), and *Tucker* v. *N. Y. C. & H. R. R. R. Co.*, (124 ib. 308), are considerably in point. The deceased was going in the direction from which the horses were coming; the danger was apparent and had he used his eyes, as he was bound

1905.] . People ex rel. A. & B. T. Road *v.* Selkirk. 401

N. Y. Rep.] Statement of case.

to do, it must have been evident to him. However negligent the driver of the wagon, the plaintiff's evidence failed to meet the burden, imposed by the law in such cases, of showing that the deceased was free from fault and to submit the case to the jury was to invite the play of their sympathies, where only their judgment upon any conflicting evidence as to material facts should have been exercised.

For these reasons, I advise that the judgment appealed from should be reversed and that a new trial should be ordered; with costs to abide the event.

Cullen, Ch. J., O'Brien, Bartlett, Vann and Werner, JJ., concur; Haight, J., absent.

Judgment reversed, etc.