BAKER v. CLOSE et al.

(Supreme Court, Appellate Division, Third Department. March 9, 1910.)

MUNICIPAL CORPORATIONS (§ 706*)—INJURIES FROM NEGLIGENCE IN USE OF STREET — AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — QUESTIONS FOR JURY.

In an action for injuries through being struck by an automobile in a city street, the questions of the negligence of defendant's chauffeur and of plaintiff's contributory negligence *held* for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706;* Highways, Cent. Dig. § 473.]

Cochrane and Sewell, JJ., dissenting.

Appeal from Trial Term, Schenectady County.

Action by Mary E. Baker against William J. Close and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before SMITH, P. J., and COCHRANE, KELLOGG, SEWELL, and HOUGHTON, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William Dewey Loucks, for appellants.
Edgar T. Brackett, for respondent.

HOUGHTON, J.   The action is to recover damages claimed to have been caused by the negligence of defendants' servant in running her down upon the highway.   The plaintiff was on the north side of State street, in the city of Schenectady, assisting some friends to board a street car.   Kelton avenue comes to State street on the south side, but does not cross it at the point in question, which is a regular stopping place for street cars.   After the car which plaintiff's friends had boarded had proceeded, plaintiff started to cross State street to Kelton avenue.   There were two car tracks, one west-bound and one east-bound, between her and the far side of the street, to which she was going; and she testifies that she looked up and down the street as she crossed the first track, and again as she crossed the second track, and that she did not see the automobile coming from the west, and that she was struck when she had nearly reached the north curb.   The chauffeur testified that the plaintiff ran from behind the car which her friends had boarded directly in front of his machine and within a few feet, and that he did what he could to avoid her by putting on the brakes and turning sharply to the left, but was unable to prevent her being struck by the right-hand side headlight of the machine.   The day was windy, and there is testimony that there was a flurry of snow.   The plaintiff proved by disinterested witnesses that the machine was going from 20 to 30 miles an hour, and that the chauffeur made no effort to turn his machine away from plaintiff, and that she was walking, instead of running, and that the impact threw her from 10 to 15 feet.

The appellants insist that the plaintiff was guilty of negligence as matter of law, because if she had looked she would have seen the machine approaching her, and that her testimony that she looked and did not see it is incredible and unworthy of belief.   Whether the chauffeur was guilty of negligence in the speed and manner of the running of the car was clearly a question of fact for the jury.   We are of the opinion that the question of plaintiff's contributory negligence was also one for the jury.   The plaintiff was in a position calculated to distract her attention.   She was obliged to cross two street railway tracks, and to observe whether or not street cars from either direction were approaching.   Manifestly the automobile was being driven at a high rate of speed, and would cover a considerable distance within a short period.   It was a blustering day, and under the circumstances the jury may well have found that she used reasonable care in endeavoring to observe if the road was clear.   If the testimony of some of the witnesses of the plaintiff is credited, the chauffeur used no care whatever, and did not attempt to slacken his speed or swerve his machine for the purpose of avoiding a collision with the plaintiff, and practically ran her down in the highway.

The situation is not like that presented in Perez v. Sandrowitz, 180 N. Y. 397, 73 N. E. 228, upon which the appellants rely.   In that case the person injured was crossing between streets, and there were

no circumstances from which inference might be drawn that he used any precaution whatever in observing whether or not the team was approaching. In the present case the plaintiff testifies that she did look, and we do not think it can be said, under the circumstances, that if she had looked she must necessarily have seen the approaching automobile in time to avoid it, and therefore was guilty of negligence as matter of law in not observing it.

The verdict, as reduced by the trial court, is reasonable. In our opinion there was a fair question of fact for the jury upon both branches of the case, and the judgment must be affirmed, with costs. All concur, except COCHRANE and SEWELL, JJ., who dissent on the ground of contributory negligence of plaintiff.