There is no substance in the claim here that a specific fund is being pursued, because the city certified at the inception of the contract that it had the money to pay, and because the complaint alleges that there are funds in the possession of the defendant applicable to the payment of the said sum to the plaintiff. This is a common-law action to recover a sum due on a contract. If the bank has a cause of action on the assignment, it could have long since sued thereon. Under the Bauer Case, supra, the court has no power, upon the motion of the bank and against the opposition of the plaintiff, to inject it into the case as a party defendant. If it had the power, it ought not to exercise it.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

### OPPENHEIMER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 16, 1912.)

Appeal from Special Term, New York County.

Action by Leo Oppenheimer, as trustee in bankruptcy, against the City of New York. From an order directing that the Security Bank of the City of New York be made a party defendant, plaintiff appeals. Reversed, and motion denied.

See, also, 133 N. Y. Supp. 741.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Eidlitz & Hulse (Frederick Hulse, of counsel), for appellant.
Caldwell, Masslich & Reed (Robert R. Reed, of counsel), for respondent Security Bank.

CLARKE, J. This is a similar motion to that presented in Oppenheimer, as Trustee, v. City of New York, 133 N. Y. Supp. 741, handed down herewith, the Security Bank having procured an order for its introduction as defendant, basing its application upon an assignment of $40,000 out of the retained percentages; and for the reasons set forth in the preceding case, the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

### LARNER v. NEW YORK TRANSP. CO.

(Supreme Court, Appellate Division, Second Department. February 16, 1912.)

MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREETS—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

Where, in an action for being hit by a taxicab, the negligent operation of the machine was not shown, contributory negligence of the plaintiff in failing to note its approach before stepping into the street will bar a recovery.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Samuel Larner against the New York Transportation Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

See, also, 143 App. Div. 947, 128 N. Y. Supp. 1130.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Arthur K. Wing (George S. Wing, on the brief), for appellant.
Sol. L. Youngentob, for respondent.

WOODWARD, J.   This case never ought to have been submitted to a jury.   It is an action to recover for personal injuries, the plaintiff having been injured by a collision with an automobile at or near the New York approach to the Williamsburgh bridge.   His own version is that he was upon a walk in the middle of Delancey street, near Norfolk street, that he was looking for a car or wagon along the street railroad tracks, that he saw a car coming 35 or 40 feet away, that there were no obstructions, and that he stepped down from the platform to cross the railroad track and was immediately struck by one of defendant's taxicabs.   There is no evidence that the taxicab was being operated negligently, that there was any reason for the defendant's driver to anticipate that any one was going to step down from this platform into his pathway, or that the plaintiff had exercised any intelligent degree of care.   He says that he was looking for a trolley car or wagon, that he saw a car approaching 35 or 40 feet away, but no wagon or automobile, although it is certain, if the automobile struck him as soon as he stepped down from the platform, it must have been between him and the trolley car, and in plain view all of the time.   To meet the requirements of the law, one must look with the purpose of finding out, and it is inconceivable that, if the plaintiff had looked with this purpose, he should not have seen this taxicab immediately in front of him.   All that can be said from the evidence is that the plaintiff was struck by a taxicab and injured.   No negligence of the defendant is shown; no freedom from contributory negligence is even fairly suggested by the evidence.   Moreover, the learned trial court permitted objectionable testimony over the objection and exception of the defendant, and the case generally was lacking in the elements to establish a legitimate cause of action.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event.   All concur; THOMAS, J., in result.