ALBERT PETERSON, as Administrator of the Estate of CHARLES PETERSON, Deceased, Respondent, *v.* P. BALLANTINE & SONS, Appellant.

Negligence — action to recover for death of pedestrian run over by wagon while crossing a street — rights and duties of pedestrians crossing streets between regular crossings — contributory negligence of plaintiff's intestate.

1. A pedestrian has the right to cross a street between its regular crossings; but he is bound, when doing so, to be reasonably careful and is not entitled to charge another with liability for an accident, however negligent, unless he can adduce evidence, which proves, or tends to prove, that he was free from fault.

2. Less evidence may be required to show freedom from fault, where the injured party is dead; but, nevertheless, there must be some facts which, reasonably considered, permit of such an inference. The relaxation of the rule is not as to the burden of proof on the plaintiff in such an event; it is as to the quantum of proof, and greater latitude is allowed in permitting the inference of an exercise of care.

3. The record in an action to recover for the death of plaintiff's intestate, who was run over and fatally injured by a brewery wagon while crossing a street, examined, and *held*, that although the servants of the defendant were negligent, the evidence, instead of exonerating plaintiff from fault, leads to the inference that, if he was in the possession of the faculty of observation, he failed to exercise it at a moment when it was highly incumbent upon him to do so.

*Peterson* v. *Ballantine & Sons*, 141 App. Div. 920, reversed.

(Submitted February 23, 1912; decided March 19, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 25, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Grant C. Fox* for appellant. The plaintiff's intestate was guilty of contributory negligence as matter of law.

(*Perez* v. *Sandrowitz,* 180 N. Y. 397; *Baxter* v. *A. & S. El. R. R. Co.,* 190 N. Y. 439; *Weiss* v. *M. St. Ry. Co.,* 33 App. Div. 221; *Wecker* v. *B. R. C. & S. R. R. Co.,* 136 App. Div. 340; *Barker* v. *Savage,* 49 N. Y. 191; *Dolfini* v. *E. R. R. Co.,* 178 N. Y. 1; *Smedis* v. *B. & R. B. R. R. Co.,* 88 N. Y. 14; *Wieland* v. *D. & H. C. Co.,* 167 N. Y. 19; *Belton* v. *Baxter,* 54 N. Y. 245; *McClain* v. *B. C. R. R. Co.,* 116 N. Y. 465; *Harvey* v. *N. E. R. R. Co.,* 35 App. Div. 307.)

*Martin T. Manton* for respondent. Plaintiff's intestate was free from contributory negligence. (*Harrison* v. *N. Y. C. & H. R. R. R. Co.,* 127 App. Div. 104; *Paulding* v. *N. Y. C. & H. R. R. R. Co.,* 132 App. Div. 70; *Hickman* v. *Schinper & Co.,* 125 App. Div. 217; *Kettle* v. *Turl,* 162 N. Y. 258.)

GRAY, J. The Appellate Division, by a divided court, has affirmed a judgment in favor of the plaintiff, upon the verdict of a jury, in an action brought to recover damages of the defendant upon a charge of negligence. The plaintiff alleged that the death of his intestate was caused by the negligent driving of the horses attached to a wagon, belonging to the defendant, in one of the streets of the borough of Brooklyn, and that the deceased did not contribute to the result by any negligence on his part. The accident occurred in the daytime, while the deceased was crossing 42d street, between 3d and 2d avenues. One of the defendant's brewery wagons, drawn by a pair of horses and driven by one of its men, was coming from 3d avenue, at the time. The horses came into collision with the deceased, who fell and was run over by one of the front wheels of the wagon. While the way in which the accident happened was disputed, the evidence for the plaintiff warranted the jury in finding it to have been as stated. The testimony of plaintiff's chief witness of the occurrence justified the jurors in believing that the horses

were being driven at a fast gait and that the driver and a fellow servant, occupying the seat with him, were looking over their shoulders, in the direction of where an organ grinder was playing. Upon the question of the negligence of the defendant's servants, there is no serious contention. They were inattentive and failed in their duty, while driving through the public street, to be watchful lest they should cause injury to others, having equal rights to be there. But the plaintiff was wholly unable to support the allegation of his complaint, by any evidence proving, or tending to show, that the deceased did not contribute to the accident. It was shown, by the same witness to whom reference has been made, a Mrs. McLoughlin, that she was at the window of her house, when the deceased was leaving the sidewalk and started to cross the street. When he got to a point about the middle of the street, the horses were coming fast towards him and she saw him struck down by them. She says that he had "a heavy overcoat turned up and a heavy ear cap down." The witness narrated the occurrence, as she watched it from her window, from the time he left the sidewalk. From her account, it appears that the deceased "did not go straight. He went * * * slanting * * * more towards 3d avenue," in "the direction from which the horses were coming." There was "a clear space" between him and them. There "was nothing to prevent him from seeing the brewery horses." He walked at "the same gait all the time, * * * until he was struck." She was asked and answered the following questions: "Q. At that time did you see him look towards the brewery horses? A. No, sir. I did not. He was going right straight across. Q. Was he looking up, or looking down, that you could see? A. He was looking right straight across ahead of him. Q. Right in front of him? A. Yes, sir, right ahead of him. He was going catercornered across the street. Q. You did not see him do anything at the time

but keep on walking? A. No, sir. He did not move, only go right ahead. Q. Did not go any faster? A. No, sir." That was all of the evidence upon the subject of the conduct of the deceased, from the one witness upon whom the plaintiff relied, and, so far from exonerating him from fault, it leads to the inference that, if in the possession of the faculty of observation, he failed to exercise it at a moment, when it was highly incumbent upon him to do so. He had the right to cross the street between its regular crossings; but he was bound, when doing so, to be reasonably careful and the plaintiff was not entitled to charge the defendant with liability for the accident, however negligent its servants; unless he could adduce evidence, which proved, or tended to prove, that the deceased was free from fault at the time. The difficulty with the case is in the plaintiff's failure in that respect. Less evidence may be required to show freedom from fault, where the injured party is dead; but, nevertheless, there must be some facts, which, reasonably considered, permit of such an inference. The relaxation of the rule is not as to the burden of proof on the plaintiff, in such an event; it is as to the quantum of proof and greater latitude is allowed in permitting the inference of an exercise of care. (*Baxter* v. *Auburn & Syr. Elec. R. R. Co.*, 190 N. Y. 439.) It was as essential to plaintiff's case to establish that by some evidence, as it was to show the negligence for which the defendant was responsible; for where both parties concur in acts causing the injury, the blame cannot be placed exclusively upon the defendant. And where the evidence is as consistent with a neglect of duty, or care, on the part of the injured party, as it is with their exercise, upon what principle shall a jury be allowed to speculate upon the probabilities? On the evidence it is impossible to conclude whether the deceased was in some condition, which rendered him indifferent to danger, (as to which there was some evidence in the case), or whether he was reckless of the possible impediment to hearing, or sight,

from the turned up overcoat and the turned down earcaps.

This case, in its material facts, is not to be distinguished from that of *Perez* v. *Sandrowitz*, (180 N. Y. 397), where we reversed a judgment recovered by the plaintiff, and the following quotation from the opinion in the latter case is apposite: "The deceased was going in the direction from which the horses were coming; the danger was apparent and had he used his eyes, as he was bound to do, it must have been evident to him. However negligent the driver of the wagon, the plaintiff's evidence failed to meet the burden, imposed by the law in such cases, of showing that the deceased was free from fault." (p. 400.)

The defendant was entitled to the dismissal of the complaint upon its motion and, therefore, the judgment should be reversed and a new trial ordered; with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.

Judgment reversed, etc.