(163 App. Div. 21)

### BERRY v. URBAN WATER SUPPLY CO. et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1914.)

1. MUNICIPAL CORPORATIONS (§ 816*)—STREETS—ACTION AGAINST WATER COMPANY—EVIDENCE—ORDINANCE.

Where, in an action against a water company for the death of plaintiff's intestate, caused by his falling into a trench, the complaint charged common-law negligence of defendant in failing to guard and light the trench, it was not error to admit in evidence an ordinance relating to trenches, though such ordinance was not pleaded; the action not being based upon the ordinance, and it being admitted merely as evidence of negligence, since it is never proper to plead evidentiary matter.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1711–1716, 1718, 1720–1723; Dec. Dig. § 816.*]

2. EVIDENCE (§ 32*)—JUDICIAL NOTICE—STATUTES AND ORDINANCES.

Neither a foreign statute nor a municipal ordinance is judicially noticed in this state.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 42; Dec. Dig. § 32.*]

3. MUNICIPAL CORPORATIONS (§ 821*)—STREETS—ACTION FOR DAMAGES—QUESTION FOR JURY—CONTRIBUTORY NEGLIGENCE.

In an action for the death of plaintiff's intestate caused by falling at night into a trench dug for water mains, his contributory negligence held a question for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

Appeal from Trial Term, Queens County.

Action by Emma Berry, administratrix of Walter Berry, deceased, against the Urban Water Supply Company and the Beaver Engineering & Contracting Company. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Charles M. O'Keeffe, of New York City, for appellant Urban Water Supply Co.

Abram I. Elkus, of New York City (Carlisle J. Gleason, of New York City, on the brief), for appellant Beaver Engineering & Contracting Co.

George F. Hickey, of New York City (M. P. O'Connor, of New York City, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CARR, J. The defendants appeal from a judgment entered against them upon a verdict of a jury, and from an order denying their motion for a new trial. According to the plaintiff's proofs, the defendants made a trench or pit in a public highway in the borough of Queens, for the purpose of laying water mains. Late at night on September 8, 1911, Walter Berry, the plaintiff's intestate, a man over 50 years of age, in some manner fell into this trench or pit and suffered a compound fracture of his right leg, the broken bones protruding through the flesh; this injury brought about "surgical or hypostatic pneumonia," which resulted in his death about a week later. The plaintiff's complaint charged common-law negligence on the part of the defendants in failing to guard and light the excavation. The proofs given by the plaintiff were to the effect that there were no barriers or lights about the excavation at the time of the accident. The decedent had no connection with the work of the defendants, and was but a mere wayfarer on the highway when he fell into the pit.

[1] If there were no barriers or lights about this trench to warn and protect travelers on the highway, then their omission was concededly a negligent act on the part of those charged by law with the duty of maintaining them. As a part of her proofs, the plaintiff proved and read in evidence a municipal ordinance of the city of New York, which regulated the maintenance of trenches of this character in public highways, and which required them to be guarded by "a fence or railing," and at night by "suitable and sufficient lights, and keep them burning through the night." A penalty of $100 was provided for a violation of this duty. The defendants objected to the admission of the ordinance in evidence on the specific ground that it had not been pleaded, and took a proper exception. This presents on this appeal one of the more important grounds on which a reversal is sought. The appellants cite a number of authorities from other jurisdictions, in which it has been held that the admission in evidence of a municipal ordinance, which was not pleaded, was error, even in actions which were not brought specifically to enforce the ordinance, but in which the ordinance was introduced simply as so much evidence, where common-law negligence was charged in the complaint. Some of these authorities are in the courts of Michigan, Illinois, and the Circuit Courts of the United States, and nearly all of them are collated and cited in the opinion of the United States Circuit Court in Robinson v. Denver City Tramway Co., 164 Fed. 174, 90 C. C. A. 160. The question before us is as to what may be the rule on this point in this state.

[2] Unquestionably, where the liability sought to be enforced arises wholly from a violation of a municipal ordinance, that instrument must be pleaded in order to enforce the liability. Such was the rule declared very early in this state in Harker v. Mayor, 17 Wend. 199. But where liability arises from a violation of common-law duties, and a municipal ordinance is received in evidence, though not pleaded, and simply as incidental or secondary evidence, to prove negligence in the performance of common-law duties, I have found no decison in this state which holds such reception to have been error. I understand the rule to be otherwise than as now asserted by the appellants. From

time to time this point has been raised on appeal in this court and has been rejected in the actual decisions of the court, but, however, in cases where the point was necessarily involved, and which were decided without reported opinions, or with opinions containing no express reference to the point.

In Buys v. Third Avenue R. R. Co., 45 App. Div. 11, 61 N. Y. Supp. 113, this point was presented to this court by the appellant in its brief on appeal, and discussed at great length with a citation of outside authorities, almost as numerous as those now presented, but it was disregarded by this court, though its consideration and determination were absolutely essential to the actual decision of the court. Such was also the case in Skelton v. Larkin, 82 Hun, 388, 31 N. Y. Supp. 234, affirmed 146 N. Y. 365, 41 N. E. 90.

In Archer v. N. Y., N. H. & H. R. R. Co., 106 N. Y. 589, 13 N. E. 318, the action was brought, in this state, to recover damages for personal injuries caused in the state of Connecticut through the alleged negligence of the defendant in operating its trains. A statute of Connecticut regulating the manner of operation of trains was received in evidence, though not pleaded, and over objection and exception, and submitted to the jury for consideration on the question of the defendant's negligence, and it was held not to be error. A foreign statute, as well as a municipal ordinance, is not judicially noticed in this state, and the rule as to the necessity of pleading is as applicable to one as to the other.

In Dawson v. Sloan, 49 N. Y. Super. Ct. 304, a local statute was admitted in evidence, though not pleaded, on the question of the defendant's negligence, and an exception was taken. It was pointed out on appeal that it was not error to read the statute in evidence without it being pleaded, as the action was not brought on the statute, and the latter was received merely as some evidence of negligence. This decision was affirmed in Rollins v. Farley, 100 N. Y. 620, 3 N. E. 87. The reason of the rule, as it has been applied in this state in many cases, without a break in its application, so far as I can find, is stated admirably in Bailey v. Kansas City, etc., 189 Mo. 514, 87 S. W. 1182, as follows:

"If a cause of action is based directly on a violation of a duty imposed alone by a municipal ordinance, the pleading should set forth the specific ordinance in hand because courts will not take judicial notice of its existence. * * * But, if an ordinance of a city is used as a mere matter of evidence, no good reason is perceived why it should be pleaded, for to plead evidential facts is bad, and, on principle, the rule applies to ordinances. * * * Now, the case [there at bar] is not based on the violation of a municipal ordinance, but is based on the violation of a duty imposed by general law. Therefore the objection in the form made was properly overruled."

[3] In the case now before us, the trial court instructed the jury satisfactorily on the issues, and no exception was taken thereto by either party. The defendants offered proofs to show a guarding and lighting of the trench, but, on the conflicting evidence, the jury found against them. As the proper determination of the disputed facts in this case involved necessarily the question of the credibility of various

sets of witnesses, and many of the defendants' witnesses were "interested witnesses" in that their respective stories tended to relieve them from personal negligence, we do not feel called upon to interfere with the verdict of the jury on this point. It is argued, however, that the complaint should have been dismissed on the ground that the plaintiff failed to show absence of contributory negligence on the part of the decedent. The cause of action arose, and the case was tried, before the recent amendment to the Code of Civil Procedure, which has transferred this burden to the defendant. It is true that there is no direct evidence on the part of the plaintiff to show that the decedent was free from contributory negligence. The man who fell into the pit is dead. No witness was produced who saw him in the act of falling. But direct evidence was given that he shouted for assistance and was found in the pit shortly after he got off a street car which ran on rails along one side of the trench. The surrounding circumstances, which I will not detail, supported strongly an inference of fact that the decedent, as an ordinary wayfarer on a public street, exercising such care as the law requires from him, did not see this unguarded and unlighted hole, and fell into it accidentally; at least, under the facts in evidence, it was a fair question for the jury.

We are not unmindful of the opinion of Gray, J., in Peterson v. Ballantine & Sons, 205 N. Y. 29, 98 N. E. 202, for we have had occasion to apply it not long ago, but there the decedent was run down by a truck while crossing a public street in broad daylight. Witnesses were produced who saw him both immediately before and at the time of the accident. The facts proved showed that, had the decedent but glanced his eyes, he could not have escaped seeing the on-coming truck in time to avoid it. It was under such circumstances that it was held that there was a failure to show freedom from contributory negligence. The surrounding facts here at bar are so different that the holding in Peterson v. Ballantine & Sons, supra, does not require a reversal of this judgment.

Judgment and order affirmed, with costs. All concur.