CURRO v. BARRETT.

(Supreme Court, Appellate Term, First Department.   December 20, 1915.)

1. MUNICIPAL CORPORATIONS ⬦➞706—NEGLIGENT USE OF STREETS—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

Where there was evidence that, when a person started to cross a street at a regular crossing provided for pedestrians, an automobile express wagon was about half a block away, and that he was struck by such wagon when he had gone only 3 or 4 feet from the curb, that it went about 15 feet after striking him before it stopped, and that witnesses heard no horn or other signal as it approached, the negligence of the driver was a question for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518;  Dec. Dig. ⬦➞706.]

2. MUNICIPAL CORPORATIONS ⬦➞706—NEGLIGENT USE OF STREETS—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

Where a boy 15 years old, before starting to cross a street on roller skates at a regular crossing provided for pedestrians, looked for vehicles, and saw an automobile express wagon about half a block away, and proceeded to cross without looking further, and was struck by the wagon when he had gone only 3 or 4 feet from the curb, his negligence was a question for the jury, since, while it is contributory negligence as a matter of law to walk' blindly in front of a moving vehicle without looking to see if a safe passage can be made, or using any care to avoid injury, a person who looks when he starts to cross a street is not as a matter of law bound to look again, nor to stop until an approaching wagon passes, unless it is close upon him.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518;  Dec. Dig. ⬦➞706.]

Appeal from City Court of New York, Trial Term.

Action by Camillo Curro, an infant, by Angelo Curro, his guardian ad litem, against William M. Barrett, as President of the Adams Express Company.   From a judgment upon a verdict directed by the court in favor of defendant, plaintiff appeals.   Reversed, and new trial ordered.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Alexander Karlin, of New York City, for appellant.

Everett, Clarke & Benedict, of New York City (Herman S. Hertwig, of New York City, of counsel), for respondent.

PAGE, J.   The evidence shows that the plaintiff, a boy of 15 years, at about half past 6 on the evening of October 13, 1913, was skating on roller skates upon the sidewalk at the corner of Market and Mon-

---

⬦➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

roe streets in the city of New York. As he approached the curb for the purpose of crossing the street at the regular crossing provided for pedestrians, he testified that he looked to see if there was any obstacle in the way, and saw an automobile express wagon of the defendant about half a block away coming toward the crossing. He proceeded to cross without looking any further, and when he had gone about 3 or 4 feet from the curb was struck by the automobile which knocked him down and ran over his legs. The plaintiff and his witnesses testified, also, that they heard no sound of horn or other signal as the automobile approached. The automobile went about 15 feet after it ran over the plaintiff before it stopped. At the close of the plaintiff's case the defendant rested, without putting in any additional proof, and moved for the direction of a verdict, which motion was granted.

[1, 2] I am of the opinion that there was a question of fact for the jury to determine whether, under the circumstances proved, the accident was due to the negligent driving of the defendant's servant or to the contributory negligence of the plaintiff. It is held to be contributory negligence as a matter of law if the plaintiff blindly walks in front of a moving vehicle without looking to see if he could make a safe passage and without using any care to avoid injury. Peterson v. Ballantine & Sons, 205 N. Y. 29, 98 N. E. 202, 39 L. R. A. (N. S.) 1147; Perez v. Sandrowitz, 180 N. Y. 397, 73 N. E. 228. But the uncontradicted evidence here shows that the plaintiff did look, and saw the vehicle half a block away when he left the curb. As stated by Judge Cardozo in Knapp v. Barrett, 216 N. Y. 226, 110 N. E. 428:

"His duty is to use his eyes, and thus protect himself from danger. Barker v. Savage, 45 N. Y. 191 [6 Am. Rep. 66]. The law does not say how often he must look, or precisely how far, or when, or from where. If, for example, he looks as he starts to cross, and the way seems clear, he is not bound as a matter of law to look again. The law does not even say that, because he sees a wagon approaching, he must stop till it has passed. He may go forward unless it is close upon him; and whether he is negligent in going forward will be a question for the jury."

Judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.