O'NEIL v. KOPKE.

(Supreme Court, Appellate Division, Second Department. December 30, 1915.)

1. MUNICIPAL CORPORATIONS ⬡➡706—USE OF STREETS—INJURY FROM AUTOMOBILE—QUESTION FOR JURY—CONTRIBUTORY NEGLIGENCE.

In an action for personal injury from defendant's motor car, going at a high and dangerous speed close to the curb and without warning, where plaintiff testified that when he came up from the subway he walked to the curb, intending to board a street car, stepped from the curb, and then saw defendant's car close upon him, within two or three feet of the curb, and that he heard no signal, his testimony that he looked into the street when he came from the subway to the sidewalk level, again as he stepped over to the curb, and again as he left the curb, but did not then see the car, could not be declared inherently incredible as a matter of law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ⬡➡706.]

2. EVIDENCE ⬡➡598—DEGREE OF PROOF.

Such action would have been subject to dismissal, if plaintiff had failed to make out every essential feature of his case beyond bare possibility

and by more than a scintilla of evidence; and, if he did so, the court could not dismiss merely because it disbelieved his evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2450–2452; Dec. Dig. ☜598.]

3. MUNICIPAL CORPORATIONS ☜706—USE OF STREET—INJURY FROM AUTO-MOBILE—EVIDENCE.

In such action, plaintiff's evidence to show the conditions of the locality and the traffic was admissible.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ☜706.]

Appeal from Kings County Court.

Action by Thomas O'Neil against Walter Kopke. From a judgment dismissing his complaint, and from an order denying his motion for a new trial, plaintiff appeals. Judgment and order reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Herman Espen, of New York City, for appellant.
O. M. Quackenbush, of New York City, for respondent.

JENKS, P. J. The County Court dismissed the plaintiff at a stage of his case. The plaintiff complained that, when walking in a public street of the borough of Brooklyn, he was struck and was injured by the defendant's motor car, going at high and dangerous speed, away from the line of vehicles, close to the curb and without warning.

[1] At a stage of plaintiff's case, the learned court sent out the jury and invited discussion of the contributory negligence. After considerable colloquy upon that feature, the defendant moved to dismiss the plaintiff upon the grounds that he had failed to show negligence and that his contributory negligence affirmatively appeared. The motion was granted, under the exception that the plaintiff had not had "an opportunity to complete his case, to present other witnesses that he is ready to produce at this time, and on the ground that the ruling is contrary to the testimony and contrary to law." The record thus ends. The colloquy justifies the inference that the court dismissed the plaintiff because it thought his testimony that when he looked he did not see the motor car was incredible as a matter of law, under the rule of Dolfini v. Erie R. R. Co., 178 N. Y. 1, 70 N. E. 68. The court cited orally Larner v. New York Transportation Co., 149 App. Div. 193, 133 N. Y. Supp. 743. We think that this disposition was error, and that a new trial must be ordered.

The plaintiff testified that, after he came up from a subway landing to the surface of the street, he walked across sidewalk to curb, intending to board a street surface car then coming slowly to a usual stopping place, and that only after he had stepped from the curb and taken a step in the street he saw the defendant's motor car "looming" upon him, close upon him, probably 10 feet distant, coming within 2 or 3 feet of that curb, and that he heard neither horn nor signal.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Thus he did not testify that he never saw the motor car, but that he did not see it until after he left the curb. He testified that the space from the exit of the subway to the curb was 6 or 7 feet, and that he looked into the street when he came from the subway to the street level, and again as he passed over to the curb, and again as he left the curb. It was 8 p. m. of a rather dull day in February. There were street lights shining, somewhat obscured by the structure of the elevated railroad, and there were lights in the windows of the neighboring shops. The plaintiff was not permitted to show whether there were other motor cars then in the street. As a consequence of a ruling of the court, we have not a full picture of this locality; but we know that it was in a city street, whereon there were surface cars, over which was an elevated structure, in which there was a subway exit, and that there were other wayfarers on the sidewalk and in the street, of whom some, as passengers in the subway, had come up therefrom and had preceded the plaintiff in the street.

It is common experience that motor cars often travel so silently and so swiftly that but for their signals of approach they would come upon even the vigilant. It must be remembered that plaintiff did not testify that he did not see the motor car at all, but only that, although he looked during his passage from subway exit to the taking of one step from the curb, he did not see it during that period of his travel. I think that such testimony could not be pronounced inherently incredible as a matter of law. Such testimony is not to be compared with that of plaintiffs, who, e. g., testify that, looking from safe viewpoints of unimpeded vision, they did not see oncoming railway trains so near as to deter any man of ordinary prudence from crossing their rights of way. Dolfini v. Erie R. R. Co., supra; Keller v. Erie R. R. Co., 183 N. Y. 67, 75 N. E. 965; Hagglund v. Erie R. R. Co., 210 N. Y. 46, 103 N. E. 770. Dolfini's Case, supra, cites Matter of Harriot, 145 N. Y. 540, 40 N. E. 246, and in that case, by way of illustration, the court say:

"Should a person affirm that black was white, or white was black, or being in the full possession of his faculties, and having the unrestricted use of his limbs, should testify that he actually and necessarily occupied a year in walking a mile, his statements would be so in conflict with the recognized possibilities as to be entitled to no credit or character as evidence."

In Larner's Case, supra, we applied the rule of Dolfini's Case, supra, where the plaintiff, who was on a walk in the middle of the street, had testified that there were no obstructions therein, that he saw an oncoming trolley car, and yet did not see the motor car that struck him, when, according to his testimony, the motor car must have preceded the trolley car.

I cannot consider the question whether the nonsuit was right, in that the plaintiff had failed to prove negligence, because plaintiff had neither closed his case nor exhausted his witnesses, as appears by his protest embodied in his exception, and thus made apparently at his earliest opportunity. On the other hand, I do not decide that he had made out a case at the time he was dismissed.

[2] The plaintiff, after he had rested, would have been subject to dismissal, if he had failed to make out every essential feature of his

case beyond bare possibility and by more than a scintilla of evidence. Laidlaw v. Sage, 158 N. Y. 73–94, 52 N. E. 679, 44 L. R. A. 216. But, if he had met this test, the learned court could not have dismissed him merely because it disbelieved the evidence.

[3] In view of the new trial, I note that Baker v. Close, 204 N. Y. 92, 97 N. E. 501, 38 L. R. A. (N. S.) 487, cited by the appellant, has been considered and discussed in Knapp v. Barrett, 216 N. Y. 226, 110 N. E. 428. In view of the new trial, it may be added that the plaintiff should have been permitted to show the conditions of the locality, the traffic of vehicles, and to prove by competent evidence the ordinance, if any, referred to in his question to the witness Liebers. See Berry v. Urban Water Supply Co., 163 App. Div. 21, 148 N. Y. Supp. 67.

The judgment and order of the County Court of Kings County are reversed, and a new trial is ordered; costs to abide the event. All concur.