MAX DANSKY, Respondent, v. STATEN ISLAND MIDLAND RAILWAY COMPANY, Appellant.

Second Department, January 17, 1919.

Street railways — negligence — injury to pedestrian crossing city street — negligence of motorman — contributory negligence — failure to look for approaching car.

Where, in an action to recover damages alleged to have been sustained in consequence of the negligence of the defendant in the operation of one of its trolley cars, it appeared that the plaintiff, who had been a conductor and motorman for more than twenty-five years, when half way from the door of the hotel where he resided, to the curb, a distance of fifteen feet, looked down the street and saw a car standing about seventy-five feet away; that the headlight of the car was on and the interior was lighted; that the plaintiff went across the intervening sidewalk and street to the first rail of the defendant's track, a distance of about twenty-three feet, without looking in the direction of the car and was there injured by said car which was not at a crossing and which was proceeding at the rate of from five to seven miles per hour, and that the plaintiff was not visible to the motorman until the car was within seven feet of him, findings that the motorman failed to anticipate that the plaintiff would attempt to cross in front of the car, and that he failed to exercise reasonable diligence, and also that the plaintiff acted prudently, were against the weight of the evidence.

Second Department, January, 1919.          [Vol. 186.

One who crosses a city street without any exercise of his faculty of sight is negligent *as a matter of law.* To escape the consequences of such negligence he must prove that, even if he had looked, the accident would still have happened.

Ordinary prudence in the case at bar required that the plaintiff should have looked more than once, and in walking blindly forward without seeing the approaching car he was guilty of contributory negligence.

APPEAL by the defendant, Staten Island Midland Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 17th day of July, 1918, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 26th day of June, 1918, denying defendant's motion for a new trial made upon the minutes.

*Bertram G. Eadie,* for the appellant.

*Joseph B. Handy,* for the respondent.

RICH, J.:

This appeal is from a judgment in favor of the plaintiff in an action brought to recover damages alleged to have been sustained in consequence of the negligence of defendant in the operation of one of its trolley cars in Richmond terrace, borough of Richmond. Defendant operates its trolley cars in this street upon two tracks. At about seven o'clock in the evening of December 30, 1917, the plaintiff in company with three others attempted to go across the street from the hotel in which he resided and as he reached the first rail of the defendant's first track, and before he had gone upon it, he was hit by the side of the car and sustained the injury for which he has recovered.

The questions for determination upon this appeal relate both to the negligence of defendant and plaintiff's freedom from contributory negligence. At the time of the accident the car was proceeding at the rate of from five to seven miles per hour. There is a dispute as to whether the gong was sounded, but the plaintiff was not visible to the motorman until the car was within seven feet of him. He was not bound to anticipate that a person would attempt to cross in front of the car which was not at a crossing, negligence could

not be predicated on the failure to ring the bell, and the speed was not excessive. It would seem, therefore, that a finding that the motorman failed to anticipate that the plaintiff would attempt to cross in front of the car and that he failed to exercise reasonable diligence was against the weight of the evidence, but there is another and more substantial reason why this judgment should be reversed.

The distance from the curb to the first rail of the track where plaintiff was injured was fifteen feet, and it is the same distance from the front door of the hotel to the curb. He testified that when he was half way from the door to the curb he looked down the street and saw the car standing at the corner of Richmond avenue, about seventy-five feet away, and that he did not look again. The headlight of the car was on and the interior was lighted. The plaintiff has been a conductor and motorman for more than twenty-five years; in fact, he was employed by defendant at the time of the accident. He knew or he must have known that the car had stopped at the crossing to take on or discharge passengers and would proceed along the track he proposed to cross, and yet he went across the intervening sidewalk and street to the point of collision about twenty-three feet without looking in the direction of the car. He says: " So we started up, and when I started across the track — before I got to the track, all I know I seen the car right on top of me." Again he says: " Before I got off the sidewalk, the car was standing and I started to walk across, and when I started to walk across the short distance I seen,— when I came to the track, all of a sudden I seen the car; didn't hear him come, and didn't ring nothing." He testified that he did not see the car, that he did not look for it (with the knowledge, I think, that it must be approaching), and the jury has found that he acted prudently. This finding was clearly against the weight of the evidence. In *Knapp* v. *Barrett* (216 N. Y. 230) Judge CARDOZO said: " A wayfarer is not at liberty to close his eyes in crossing a city street. His duty is to use his eyes, and thus protect himself from danger (*Barker* v. *Savage*, 45 N. Y. 191). The law does not say how often he must look, or precisely how far, or when or from where. If, for example, he looks as he starts to cross, and the way seems

clear, he is not bound as a matter of law to look again. The law does not even say that because he sees a wagon approaching, he must stop till it has passed. He may go forward unless it is close upon him; and whether he is negligent in going forward, will be a question for the jury. If he has used his eyes, and has miscalculated the danger, he may still be free from fault (*Buhrens* v. *Dry Dock, E. B. & B. R. R. Co.*, 53 Hun, 571; 125 N. Y. 702). But it is a very different thing to say that he is not bound to look at all. We have repeatedly held that one who crosses a city street without any exercise of his faculty of sight, is negligent as a matter of law (*Barker* v. *Savage, supra; Peterson* v. *Ballantine & Sons*, 205 N. Y. 29; *Perez* v. *Sandrowitz*, 180 N. Y. 397; *McClain* v. *Brooklyn City R. R. Co.*, 116 N. Y. 459, 470; *Reed* v. *Met. St. Ry. Co.*, 180 N. Y. 315; *Volosko* v. *Interurban St. Ry. Co.*, 190 N. Y. 206; *Zucker* v. *Whitridge*, 205 N. Y. 50; *Mastin* v. *City of New York*, 201 N. Y. 81). To escape the consequences of such negligence, he must prove that even if he had looked, the accident would still have happened. He is not entitled to damages where it appears that ' unconscious and unobservant of the situation, he walked into the approaching team ' (*Perez* v. *Sandrowitz, supra*, 400)."

Plaintiff says he looked as he started to cross, and while he is not " bound as a matter of law to look again," he must exercise the care commensurate with the position in which he was placing himself, knowing that the car would reach the point where he purposed to cross the track. It is not a question, in this case, of how many times he looked; it is a question of how well he looked, viewed in the light of his duty to use reasonable care. Ordinary prudence required that he should have looked more than once, and in walking blindly forward without seeing this approaching car he was guilty of contributory negligence.

The judgment and order must be reversed and a new trial granted, costs to abide the event.

Mills, Putnam and Kelly, JJ., concurred; Jenks, P. J., concurred in the result.

Judgment and order reversed and new trial granted, costs to abide the event.